# RESCRIPT OPINIONS.

VIJAI B. PANDEY *vs.* SUPERIOR COURT. February 20, 1992. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Relief from judgment.

The plaintiff, Vijai B. Pandey, seeks to recover attorney's fees and damages allegedly arising from an underlying action against his insurer, Paul Revere Life Insurance Company (Revere). The plaintiff had sued Revere in October, 1988, after Revere denied coverage of the plaintiff's disability claim under a disability insurance policy. The parties settled the claim in April, 1990, prior to trial. The settlement was in the amount of $45,500. Nearly one year later, the plaintiff filed in the Superior Court a "Motion for Award of Attorney's Fees and Expenses," alleging that Revere had engaged in unfair settlement practices. A Superior Court judge denied the plaintiff's motion on May 3, 1991.

The plaintiff then filed a complaint in the Supreme Judicial Court for the county of Suffolk under G. L. c. 211, § 3 (1990 ed.), seeking reversal of the judge's denial of his motion, naming the Superior Court judge and the Superior Court, but not Revere, as defendants. The defendants moved to dismiss the plaintiff's complaint, asserting that G. L. c. 211, § 3, review was inappropriate and that the plaintiff had failed to join an indispensable party. A single justice allowed the motion to dismiss on June 6, 1991. The plaintiff now appeals. We affirm.

This court has emphasized repeatedly that relief under G. L. c. 211, § 3, is extraordinary. See, e.g., *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). Ordinarily we exercise review under G. L. c. 211, § 3, "in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Id.* "Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." *Foley, supra.* The motion filed by the plaintiff can only be viewed as a motion for relief from judgment. See Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). The plaintiff could have appealed the judge's denial of his motion to the Appeals Court. See *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021 (1985). The availability of this "alternative, effective remedy" warranted the single justice's decision to dismiss the plaintiff's petition. See *Brown* v. *Chicopee Fire Fighters Ass'n, Local 1710*,

408 Mass. 1003, 1003-1004 (1990); *Pavilonis* v. *Commonwealth*, 394 Mass. 1001, 1002 (1985). There was no error.[1]

*Judgment affirmed.*

*Vijai B. Pandey*, pro se.

*Daniel W. Halston*, Assistant Attorney General, for the Commonwealth.

---

[1]Because we conclude that the plaintiff's failure to appeal to the Appeals Court warranted the single justice's decision, we need not address whether the plaintiff's failure to join Revere as a defendant also warranted dismissal of the plaintiff's petition. See Mass. R. Civ. P. 12 (b) (7), 365 Mass. 754 (1974); Mass. R. Civ. P. 19, 365 Mass. 765 (1974).

