JOSE RODRIGUEZ *vs.* COMMONWEALTH. January 30, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Appeal.

Jose Rodriguez, whom we shall call the defendant, was convicted of rape and assault and battery by means of a dangerous weapon. On appeal, his convictions were reversed and a new trial ordered. See *Commonwealth* v. *Rodriguez*, 378 Mass. 296 (1979). In our decision we said that the defendant's claim that his "representation was hampered by a material misstatement made by the police" to his trial attorney on the issue of identification was "not inconceivable" and "that the defendant was entitled at least to be heard on the issue." *Id.* at 307.

On remand, the Superior Court judge held a hearing on the allegation of a material misstatement by a police officer to the defendant's trial counsel. The judge determined that, during a conversation with a police detective, the defendant's counsel had the impression that the complainant had positively identified the defendant as her assailant in two photographic arrays. While the complainant did make the identifications, they were not "positive." The judge also found that there was no evidence of the use of the term "positive" by the police or any other evidence of misrepresentations by the police. The judge concluded that the evidence at the hearing was insufficient to support the defendant's claim that defense counsel chose to forgo precautions he would otherwise have taken because of a misstatement by the police. The judge denied the motion to suppress the identifications. The defendant was retried and convicted. The defendant appealed.[1]

The defendant attempted to obtain a transcript or tape of the identification suppression hearing. The tapes and any transcripts which were made were eventually lost, "apparently by" the stenographer. Thereafter, the defendant filed a motion for reconstruction of the suppression hearing. After a hearing, the Superior Court judge denied the motion. The defendant petitioned a single justice pursuant to G. L. c. 211, § 3 (1992 ed.), for an order directing the judge to hold a hearing reconstructing the suppression hearing. The single justice denied the petition on the papers.

Ordinarily G. L. c. 211, § 3, applies if "no other remedy is expressly provided." It "is not a substitute for normal appellate review of interlocutory orders." *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991). "Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." *Pandey* v. *Superior Court*, 412 Mass. 1001, 1001 (1992), quoting *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986). See, e.g., *Ventresco, supra* at 83, quoting *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980) ("a defendant must demonstrate . . . irremediable error, such that he cannot be placed in statu quo in the regular course of appeal"). Because the defendant did not show a substantive right that could not be remedied through the normal

---

[1]In its brief, the Commonwealth states that the defendant's appeal is pending in the Appeals Court and that he also has a pending motion for a new trial.

appellate process, we affirm the single justice's denial of relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on briefs.

*Jose Rodriguez*, pro se.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.