VIJAI B. PANDEY *vs.* DAVID R. ROULSTON. March 3, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Relief from judgment, Appeal, Frivolous action, Costs.

The plaintiff, Vijai B. Pandey, appeals from a judgment entered after a decision by a single justice of this court denying relief on the plaintiff's petition under G. L. c. 211, § 3 (1992 ed.). We affirm the judgment.

The plaintiff has brought a pro se action in the Superior Court against the defendant attorney seeking damages. The plaintiff's complaint asserts multiple claims that the defendant's legal representation in connection with another action by the plaintiff for legal malpractice was deficient. The plaintiff's pro se petition under G. L. c. 211, § 3, seeks various relief in connection with orders entered by a judge in the Superior Court in the action against the defendant. The orders in question: (a) denied the plaintiff's reapplication under Mass. R. Civ. P. 33 (a), as appearing in 368 Mass. 906 (1976), for a default judgment for the defendant's alleged failure to answer the plaintiff's interrogatories seasonably (the answers had been filed when the judge heard the plaintiff's reapplication); and (b) directed the plaintiff to pay the defendant's attorney $500 as a sanction after the judge found that the plaintiff's reapplication "misrepresent[ed] the facts" in connection with when the defendant was obliged to answer the interrogatories.

Before seeking relief under G. L. c. 211, § 3, the plaintiff sought, and was denied, relief from the orders by a single justice of the Appeals Court acting on a petition pursuant to G. L. c. 231, § 118, first par. (1992 ed.).

---

"This court has emphasized repeatedly that relief under G. L. c. 211, § 3, is extraordinary. See, e.g., *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). Ordinarily we exercise review under G. L. c. 211, § 3, 'in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy.' *Id.* 'Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied.' *Foley, supra.*" *Pandey* v. *Superior Court*, 412 Mass. 1001, 1001 (1992). These principles apply here. The plaintiff has made no showing that he was entitled to any of the relief he sought under G. L. c. 211, § 3.

The defendant has moved pursuant to G. L. c. 211, § 10 (1992 ed.), and Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), for appellate costs. The appeal is frivolous. See *Avery* v. *Steele*, 414 Mass. 450, 451-453 n.2, 455-457 (1993). The fact that the plaintiff is pro se does not excuse him from compliance with relevant rules of substantive and procedural law. See *McGowan* v. *Director of the Div. of Employment Sec.*, 388 Mass. 1003, 1004 (1983). He has experience in prosecuting appeals from denials of petitions under G. L. c. 211, § 3. See *Pandey* v. *Pudlo*, 416 Mass. 1008 (1993); *Pandey* v. *Ware Div. of the Dist. Court Dep't*, 412 Mass. 1002 (1992); *Pandey* v. *Superior Court, supra.* The plaintiff's appendix and brief contain myriad unsupported and irresponsible accusations and allegations. The judgment is affirmed, and the defendant is awarded double costs.

*So ordered.*

*Vijai B. Pandey*, pro se.
*Leonard F. Zandrow, Jr.* (*David H. Peltz* with him) for the defendant.