VIJAI B. PANDEY *vs.* THE PAUL REVERE LIFE INSURANCE COMPANY & others[1] (and a companion case[2]). November 7, 1995. *Supreme Judicial Court,* Superintendence of inferior courts.

The plaintiff is appealing from the denial of relief in the county court of two separate petitions brought under G. L. c. 211, § 3 (1994 ed.). In both petitions, the plaintiff sought reversal of a Superior Court order which allowed the defendants' motion to vacate default judgments entered against them on October 21, 1993, pursuant to Mass. R. Civ. P. 33 (a), as amended, 368 Mass. 906 (1976), for failure to reply promptly to interrogatories.

Relief pursuant to G. L. c. 211, § 3, is not available to the plaintiff. See *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 706 (1990) (outlining standard for G. L. c. 211, § 3, review). The plaintiff has not articulated a "substantial claim of violation of [his] substantive rights." *Id.,* quoting *Dunbrack* v. *Commonwealth,* 398 Mass. 502, 504 (1986). See also *Pandey* v. *Roulston,* 419 Mass. 1010, 1010-1011 (1995). Moreover, the plaintiff's claims could have been adequately reviewed on appeal.[3] See *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986) (explaining that G. L. c. 211, § 3, relief is "extraordinary and may not be sought as a substitute for normal appellate review"). See also *Pandey* v. *Superior Court,* 412 Mass. 1001 (1992); *Pandey* v. *Roulston, supra* at 1011. Therefore, we affirm the judgments.

*So ordered.*

[1]Textron, Inc.; Timothy P. Wickstrom; and Tashjian, Simsarian & Wickstrom. The Paul Revere Life Insurance Company does not appear to be a party to these appeals.

[2]The companion case involves the same parties. A single justice granted the defendants' motion for stay of appeal and consolidation.

[3]We do not reach the question whether the appeals have been rendered moot by the Appeals Court's memorandum and order of September 25, 1995, pursuant to its Rule 1:28 which affirmed the judgments for the defendants in the underlying case that gave rise to the petitions. See *Pandey* v. *Paul Revere Life Ins. Co.,* 39 Mass. App. Ct. 1108 (1995).

*Vijai B. Pandey*, pro se.
*Philip J. Callan, Jr.*, for the defendants.