COMMONWEALTH *VS.* CLINTON RICHARDSON.

Suffolk. May 8, 1997. - August 18, 1997.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, GREANEY, & MARSHALL, JJ.

*Evidence,* Photograph, Impeachment of credibility, Nonexistence of evidence, Alibi. *Identification. Practice, Criminal,* Instructions to jury, Argument by prosecutor, Reasonable doubt. *Witness,* Impeachment. *Malice.*

At the trial of a murder case, the judge did not err in admitting unseparated but sanitized front and profile photographs of the defendant, and the judge did not abuse his discretion by not giving a cautionary instruction with regard to the photographs where none was required. [766-767]

At a murder trial, the prosecutor was entitled to comment on testimony of a defense witness that she had not reported to police the facts she had testified to at trial, where there had been no objection to the witness's testimony, and, even if the conditions for the admission of evidence of the witness's failure to report exculpatory facts to the police were only largely met, the jury's hearing of that evidence did not create a substantial likelihood of a miscarriage of justice. [767]

A prosecutor's statement of belief in a portion of a defense witness's testimony was not reversible error, and any impropriety was cured by the judge's instruction to the jury to disregard any expression of opinion by counsel. [767]

At a murder trial, there was no error in the judge's charge to the jury on reasonable doubt [768]; further, error, if any, in the judge's instruction on malice could not have been prejudicial, where the only issue at trial was whether the defendant was the killer and where the jury found that the defendant acted with deliberate premeditation [768-769].

At a murder trial, the judge did not err in declining to give the defendant's requested instruction on the failure of the police to perform certain tests, where the judge's instructions did not preclude the jury from drawing inferences from the absence of certain tests and where the defendant was permitted to argue the point to the jury. [769]

At a murder trial, the judge's instruction on the jury's treatment of alibi evidence conformed to the standard stated in *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 (1975). [769]

On appeal from a murder conviction, there was no basis for granting the defendant relief under G. L. c. 278, § 33E. [769]

INDICTMENTS found and returned in the Superior Court Department on December 4, 1991.

The cases were tried before *James D. McDaniel, Jr.,* J.

*Peter L. Ettenberg & Stephanie Shores* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant appeals from his convictions of deliberately premeditated murder in the first degree and of unlawful possession of a firearm. He raises a variety of issues on appeal. We affirm the convictions.

The jury would have been warranted in finding that on June 6, 1991, the defendant shot the victim near the back door of an apartment in which the victim lived in the Roxbury section of Boston. The only contested issue at trial was the identity of the killer. The victim's "common-law wife," who had seen the defendant in the neighborhood before, identified the defendant as the killer. Other evidence supported the jury's finding. The defendant sought through witnesses to show that someone else had committed the crime.

1. The judge did not err in admitting connected front and profile photographs of the defendant. The victim's "common-law wife" and the taxicab driver who drove a man from the scene of the shooting identified the defendant's photographs from an array that the police showed them. On request of defense counsel, all information on the photographs was sanitized, but the judge denied counsel's request that the front and side view photographs be separated. No special attention was drawn before the jury to the source of the photographs. See *Commonwealth* v. *Blaney,* 387 Mass. 628, 638 (1982); *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 309 (1979), *S.C.,* 419 Mass. 1006 (1995). "While it will usually be better not only to sanitize such photographs but also to sever the two views, *Commonwealth* v. *Lockley,* 381 Mass. 156, 165-166 (1980), it was within the discretion of the trial judge to determine that the photographic array should go to the jury precisely as it existed at the time of [the witnesses'] identifications." *Commonwealth* v. *Weichell,* 390 Mass. 62, 76 (1983), cert. denied, 465 U.S. 1032 (1984). See *Commonwealth* v. *Blaney, supra* at 638 ("This court has never held, however, that the admission in evidence of unsevered double-pose mug shots is sufficient, standing alone, to constitute reversible error"); *Commonwealth* v. *Smith,* 29 Mass. App. Ct. 449, 451-452 (1990).

The judge gave no cautionary instruction about the photographs, nor was he asked to do so, although, in ruling on the

admissibility of the photographs, he indicated that he could do so. See *Commonwealth* v. *Blaney, supra* at 636 n.7; *Commonwealth* v. *Payton,* 35 Mass. App. Ct. 586, 589 (1993). The judge did not abuse his discretion. He was not obliged to give a curative instruction on his own.

2. The Commonwealth sought to impeach a defense witness by establishing that she had not reported to the police the facts to which she testified at trial. That testimony was admitted without objection. In his closing argument, the prosecutor commented on the witness's silence before she testified. Defense counsel asked the judge to instruct the jury that the witness was not required to go to the police, but the judge declined to do so. The prosecutor was entitled to comment on the evidence and to argue inferences that may reasonably be drawn from the evidence (*Commonwealth* v. *Kozec,* 399 Mass. 514, 516 [1987]), even if that evidence would have been inadmissible in the face of an objection (*Commonwealth* v. *Luce,* 399 Mass. 479, 483 [1987]).

The defendant does not argue that the admission of the evidence without objection created a substantial likelihood of a miscarriage of justice entitling him to relief. The conditions for the admission of evidence of a witness's failure to report exculpatory facts to the police were largely met. See *Commonwealth* v. *Brown,* 11 Mass. App. Ct. 288, 296-297 (1981), quoted with approval in *Commonwealth* v. *Berth,* 385 Mass. 784, 790-791 (1982). Even if they were not, the fact that the jury heard that the witness did not make a report to the police, although she was at the scene of the crime and knew the police were coming, did not create a substantial likelihood of a miscarriage of justice.

3. In commenting on a portion of the testimony of one of the defendant's alibi witnesses, the prosecutor stated in his closing argument, "I believe her in that." A prosecutor's statement of belief in a portion of a defense witness's testimony that was, if anything, favorable to the defendant hardly amounts to reversible error. We reject the defendant's argument that, from his remark, the jury would reasonably infer that the prosecutor was announcing his personal disbelief of the balance of the witness's testimony, a witness who, in any event, offered little that aided the defendant's defense. Moreover, the judge cured any impropriety when he instructed the jury that they should disregard any expression of opinion by counsel. See *Commonwealth* v. *Giguere,* 420 Mass. 226, 234-235 (1995).

4. The judge did not err in his charge on reasonable doubt. The defendant challenges his instruction that the standard of proof is "proof beyond a reasonable doubt, not beyond a shadow of a doubt," and that proof beyond a reasonable doubt does not mean "proof beyond the possibility of innocence." Thereafter, the judge, substantially verbatim, gave the charge from *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850), which we have urged be followed. See *Commonwealth* v. *Therrien*, 371 Mass. 203, 209 (1976).

The challenged language is not significantly different from language that, in *Commonwealth* v. *Schand*, 420 Mass. 783, 794 (1995), we said "could not reasonably have misled the jury as to the Commonwealth's burden of proof." There the judge told the jury that reasonable doubt is "not proof beyond all doubt nor proof beyond a whimsical, fanciful doubt, nor proof beyond a probability of innocence because there is rarely a case so clear that it could be proved beyond the possibility of innocence." *Id.* at 794 n.10. Proof beyond a shadow of a doubt states a higher standard than proof beyond a reasonable doubt and is analogous to proof beyond all doubt, which is not the appropriate standard. Therefore, the judge did not err in contrasting (a) proof beyond a reasonable doubt with (b) proof beyond a shadow of doubt and proof beyond the possibility of innocence. We note, however, that referring to proof beyond a shadow of a doubt in defining proof beyond a reasonable doubt is unlikely to be helpful to a jury.

5. The defendant next challenges the judge's instruction on malice. The defendant did not contest the fact that someone shot the victim. The only issue at trial was whether the defendant was the killer. In such a situation, any error in the judge's instructions on malice could not have been prejudicial. See *Commonwealth* v. *Bembury*, 406 Mass. 552, 562-563 (1990). Moreover, the jury found that the defendant acted with deliberate premeditation, which requires a finding of an intention to kill. *Commonwealth* v. *Gibson*, 424 Mass. 242, 247 (1997), cert. denied, 117 S. Ct. 2518 (1997). Any defect in the judge's statement of the so-called second prong of malice was irrelevant and hence not prejudicial. Cf. *Commonwealth* v. *Fuller*, 421 Mass. 400, 412 (1995) ("The jury specifically found Fuller guilty of murder in the first degree by reason of deliberately premeditated malice aforethought. The evidence supporting their finding of malice under the first prong is overwhelming.

Thus, any errors as to the third prong malice instruction are irrelevant"). Similarly, the judge's use of "frame of mind" language in defining malice, language which we have disapproved since the defendant's trial (see *Commonwealth* v. *Johnson*, 422 Mass. 420, 428 [1996], and cases cited), could not have created a substantial likelihood of a miscarriage of justice.

6. The judge did not err in declining to give the defendant's requested instruction that the jury could consider the failure of the police to perform certain tests. The judge permitted the defendant to argue the point to the jury. It was within the judge's discretion whether to give such an instruction. See *Commonwealth* v. *Leitzsey*, 421 Mass. 694, 702 (1996), and cases cited. The judge's instruction that the only evidence was the sworn testimony and the exhibits did not preclude the jury from drawing inferences from the absence of certain tests. See *Commonwealth* v. *Cordle*, 412 Mass. 172, 178 (1992).

7. The judge's instruction on the jury's treatment of alibi evidence conformed to the standard stated in *Commonwealth* v. *McLeod*, 367 Mass. 500, 502 (1975).

8. There is no basis for granting the defendant relief under G. L. c. 278, § 33E.

*Judgments affirmed.*