## Commonwealth vs. Daniel G. Gagnon.

Suffolk. September 8, 1999. - November 9, 1999.

Present: Marshall, C.J., Abrams, Lynch, Greaney, & Ireland, JJ.

*Homicide. Malice. Practice, Criminal,* New trial, Instructions to jury, Reasonable doubt.

At the trial of an indictment alleging murder in the first degree in which the identity of the murderer was the only live issue, any error in the malice instruction could not have been prejudicial, where the defendant's state of mind was not in dispute [350], and where the judge's instruction to the jury on the element of premeditation correctly emphasized that the jury had to make a determination of the intent to kill [350].

Indictments found and returned in the Superior Court Department on December 16, 1986.

Following review by this court, 408 Mass. 185 (1990), a motion for a new trial, filed on February 12, 1997, was heard by *Sandra L. Hamlin, J.*

A request for leave to appeal was heard by *Marshall, J.*

*Kevin S. Nixon* for the defendant.

*Joseph M. Makalusky,* Assistant District Attorney, for the Commonwealth.

Abrams, J. After we affirmed the defendant's convictions in *Commonwealth* v. *Gagnon,* 408 Mass. 185, 186 (1990),[1] the defendant filed a motion alleging that an error in the malice instruction requires a new trial. The trial judge denied the motion. A single justice of this court allowed the defendant's application for leave to appeal from the order denying his motion for new trial. See *Commonwealth* v. *Ambers,* 397 Mass. 705, 706 (1986). We affirm the order denying the motion for a new trial.

---

[1]The defendant was convicted of murder in the first degree, unlawfully carrying a firearm, and conspiracy to burn a motor vehicle. We reviewed the conviction of murder in the first degree under G. L. c. 278, § 33E. See *Commonwealth* v. *Gagnon,* 408 Mass. 185, 186 (1990).

In the early evening of September 28, 1986, the defendant and his friend, Louis Marotta, confronted a group of boys, among them the thirteen year old victim, and asked them if they had been throwing rocks at Marotta's car. The boys told the two men that they had not been throwing rocks. After several events that are not relevant here,[2] a neighbor stopped at the scene and asked about what was going on. As she turned to walk home, she heard one of the men say: "You think it's funny? I'll blow your f'n brains out." According to one of the witnesses, the defendant also asked: "Do you want me to kill you with my hands or with a gun?" The perpetrator then raised the gun to the victim's face and shot him just beneath the left eye.

The defense strategy focused on persuading the jury that it was the defendant's friend Marotta who shot the victim. The defendant testified that he saw a flash, heard a bang, and then found the gun that he had given Marotta the day before lying by the body of the victim. The defendant also testified that, after the incident, he asked Marotta why he pulled the gun and fired on the victim. According to the defendant's testimony, Marotta replied that he always kept the first chamber in the gun empty and did not believe the gun would fire.

The judge's instruction on premeditation was correct and emphasized that a conviction of murder in the first degree required a jury determination of intent to kill. However, the defendant now claims that he is entitled to a new trial because the judge also instructed the jury on third prong malice as it pertained to deliberately premeditated murder in the first degree. Cf. *Commonwealth* v. *Judge*, 420 Mass. 433, 437-444 (1995). The defendant claims that, as a result, his conviction must be reversed or reduced to murder in the second degree.[3]

In reviewing a jury instruction in a postappeal collateral attack, we consider whether "a reasonable juror could have used the instruction incorrectly." *Commonwealth* v. *Smith*, 427 Mass. 245, 249 (1998) (postappeal collateral attack on a reasonable doubt instruction). *Commonwealth* v. *Anderson*, 425 Mass. 685,

---

[2]A more detailed recitation of the facts can be found in *Commonwealth* v. *Gagnon, supra* at 186-188.

[3]Because we determine that any error in the malice instruction was not prejudicial, we need not reach the defendant's other claim alleging that trial counsel's failure to object to the jury instructions and failure to raise the issue on the defendant's direct appeal deprived him of his right to the effective assistance of counsel.

688 (1997), quoting *Commonwealth* v. *Rosa*, 422 Mass. 18, 27 (1996). We consider the instruction as a whole and in the context of the trial. See *Commonwealth* v. *Rosa*, *supra*.

The Commonwealth prosecuted the defendant on the theory of deliberately premeditated murder. The defendant's strategy was to argue that his friend, Marotta, killed the victim accidentally. The defendant asserts that, because the judge instructed the jury on third prong malice in a case limited to deliberately premeditated murder, the jurors may have believed that they could convict the defendant of premeditated murder without determining that the defendant intended to kill the victim. We disagree.

First, in these circumstances, where the identity of the killer is the only live issue at trial, any error in the malice instruction is not prejudicial because the defendant's state of mind is not in dispute. The issue is the identity of the perpetrator. *Commonwealth* v. *Richardson*, 425 Mass. 765, 768 (1997), citing *Commonwealth* v. *Bembury*, 406 Mass. 552, 562-563 (1990).

Second, the judge correctly instructed the jury on the element of premeditation, emphasizing several times that the jury must make a determination of intent to kill. In *Commonwealth* v. *Richardson*, *supra* at 768, we noted that a jury determination of premeditation necessarily requires a determination that the defendant formed the intent to kill. *Id.*, citing *Commonwealth* v. *Gibson*, 424 Mass. 242, 247, cert. denied, 521 U.S. 1123 (1997); *Commonwealth* v. *Burke*, 414 Mass. 252, 266 n.12 (1993) (holding that a substantially similar premeditation instruction "also effectively required that the jury find that the defendant intended to kill the victim").

Third, no evidence or argument was put forward at trial suggesting that the defendant acted with third prong malice.

Reading the jury instruction as a whole and in the context of the trial, we are persuaded that nothing in the instruction impermissibly relieved the Commonwealth of its burden of proof. Therefore, in these circumstances, where the identity of the killer was the only live issue at trial and where the premeditation instruction correctly required an intent to kill, error, if any, in the malice instruction would not have been prejudicial. See *Commonwealth* v. *Rosa*, *supra* at 27.

*Order denying motion for new trial affirmed.*