ROY OWENS *vs.* CITY OF BOSTON & others.[1] November 24, 2008. *Supreme Judicial Court,* Superintendence of inferior courts.

Roy Owens appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Owens commenced a civil action in the Superior Court against various city of Boston defendants, claiming employment discrimination in connection with his termination from a teaching position with the Boston public schools.[2] He also named various Commonwealth defendants, complaining about matters concerning his teacher's certification. Owens moved for the entry of default against all defendants for failure to file timely responsive pleadings. See Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974). The city defendants were defaulted, but the other defendants were not. Thereafter, the city defendants moved successfully to set aside the entry of default. The Commonwealth defendants moved successfully to dismiss the claims against them on statute

---

[1]The Boston public schools, the school committee of Boston, superintendent of the Boston public schools, Trotter Elementary School, the Boston Teachers' Union, the Commonwealth, Department of Education, and two commissioners of the Department of Education.

[2]None of the issues raised by Owens in *Owens* v. *Boston, ante* 1016 (2008), is involved here.

of limitations grounds. Owens moved unsuccessfully for reconsideration of the orders setting aside the default against the city defendants and dismissing the claims against the Commonwealth defendants.[3]

In his petition pursuant to G. L. c. 211, § 3, Owens complained only about the order setting aside the entry of default against the city defendants. The single justice neither abused his discretion nor otherwise erred in denying Owens's petition. As the single justice properly concluded, Owens "has an adequate remedy in the normal appellate process." His case is still active in the Superior Court, and he can raise his claims in an appeal after a final judgment. See *Pandey* v. *Paul Revere Life Ins. Co.*, 421 Mass. 1004 (1995) (petitioner not entitled to relief under G. L. c. 211, § 3, from allowance of defendants' motion to vacate default judgment).[4]

*Judgment affirmed.*

*Roy Owens*, pro se.

*Cathleen Collins* for the Commonwealth & others.

*Jill M. Murray*, for city of Boston & others, was present but did not argue.

---

[3]Before filing his petition in the county court, Owens was denied relief from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par.

[4]To the extent that Owens raises claims that he did not present to the single justice, we do not address them.

