NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-965

COMMONWEALTH

vs.

ANTHONY M. VALENTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant, Anthony M. Valenti, was convicted of violation of an abuse prevention order under G. L. c. 209A, § 7.[1]  The defendant, representing himself, appeals his conviction on numerous grounds.  We affirm.

Background.  The victim and the defendant began dating in 2021 and had a child together in 2022.  The relationship ended in 2023, and the victim sought and received an abuse prevention order on May 8, 2023, requiring the defendant not to abuse or

_____

[1] The judge allowed the defendant's motion for a required finding of not guilty on an unrelated violation of an abuse prevention order complaint that was joined for trial with this case.

contact her. The defendant and the victim have an ongoing matter in the Probate and Family Court. The victim retained counsel in that matter. Correspondence from the defendant went through her counsel, and the defendant contacted the victim's counsel frequently. The victim had sole legal and physical custody of the child at the time, and the defendant filed a motion for temporary orders in the Probate and Family Court seeking visitation with the child.

The victim received a letter in the mail addressed to her, and she recognized the handwriting as the defendant's and the return address as his address. She testified that inside the envelope was a letter from the defendant "threatening all the things that he wanted in probate court." The victim filed a report with the police alleging the violation of the abuse prevention order. The defendant testified that he knew the victim was represented by counsel and that when he told an employee of the Probate and Family Court that the victim had an active abuse prevention order against him, that employee told him to mail any motions to the victim and her attorney.

Discussion. We begin by noting that the defendant has cited no legal authority to support his arguments which do not rise to the level of appellate argument as required by Mass. R. A. P. 16 (a) (9) (a), as appearing in 481 Mass. 1628 (2019), and

2

fail for that reason alone.  However, in reviewing the record
and considering the defendant's arguments, see Commonwealth v.
Alphas, 430 Mass. 8, 13 (1999) (limiting review to whether there
was any error, and if so, whether that error created substantial
risk of miscarriage of justice) we discern no error and conclude
that the evidence was sufficient to support the conviction.[2]

1.  Sufficiency of the evidence.  The defendant argues that
the evidence at trial does not support his conviction for
violation of an abuse prevention order.  We disagree.

In determining the sufficiency of the evidence at trial,
"we review the evidence in the light most favorable to the
Commonwealth to determine whether 'any rational trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt.'"  Commonwealth v. Powell, 459 Mass. 572, 579
(2011), cert. denied, 565 U.S. 1262 (2012), quoting Commonwealth
v. Latimore, 378 Mass. 671, 677 (1979), S.C., 423 Mass. 129
(1996).

To establish a violation of an abuse prevention order, the
Commonwealth must prove that (1) a valid c. 209A abuse

---

[2] While we are not insensitive to challenges faced by self-represented litigants, we hold them to the same standards as litigants represented by counsel.  See Davis v. Tabachnick, 425 Mass. 1010 (1997), cert. denied, 522 U.S. 982 (1997); Pandey v. Roulston, 419 Mass. 1010 (1995) ("The fact that the plaintiff is pro se does not excuse him from compliance with relevant rules of substantive and procedural law").

prevention order was in effect on the date of the alleged violation; (2) the defendant had knowledge of the order; and (3) the defendant violated the order.  Commonwealth v. Silva, 431 Mass. 401, 403 (2000).

The defendant does not contest that a valid abuse prevention order was in effect at the time of the violation or that he knew about the order, nor does he dispute that he mailed the victim a motion for temporary orders.  He argues that he was "merely attempting to exercise his legal rights" by sending the motion to the victim and that the Probate and Family Court's decision to grant him visitation with his child "demonstrates the legitimacy" of his actions.  The argument is unavailing.

"A person subject to a G. L. c. 209A 'no contact' order violates it by communicating by any means with a protected party or merely by being near that person."  Commonwealth v. Kendrick, 446 Mass. 72, 76 (2006).  To prevent any interaction between the parties, the "obligations are imposed without regard to a person's intent to violate an order."  Id.  The defendant refused to answer when asked by the prosecutor multiple times whether he knew that the victim's attorney would notify her if he served the attorney.  The judge did not find the defendant credible, stating that "[t]he defendant's defiant testimony extinguished the reasonable doubt that I had" and finding that

4

the defendant's action "was merely a pretext of an excuse for contacting [the victim]." Because the judge was best positioned to evaluate the defendant's demeanor and assess his credibility, we discern no error. See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions").

The defendant claims that language in a document he received from the District Court -- titled "Notice to Defendant Regarding Abuse Prevention (Restraining) Order" -- gave him the right to mail legal documents to the victim. We disagree. The defendant argues that the language on the notice stating that "[t]he court staff will let you know . . . if you need to send the plaintiff notice of the hearing date by mail" gave him the right to send legal mail to the plaintiff. However, as demonstrated by the title of the document, "Notice to Defendant Regarding Abuse Prevention (Restraining) Order," the information in the document refers to correspondence regarding abuse prevention orders, not Probate and Family Court orders.

The defendant argues that the prosecutor's characterization of the envelope as "a threatening letter" violated his due process rights. We are not persuaded because this argument conflates the victim's testimony with the prosecutor's argument. Only the victim characterized the letter inside the envelope as

5

threatening, stating that the letter "threaten[ed] all the things that he wanted in probate court." Even if we were to conclude that the contents of the envelope were not threatening in nature, the defendant's argument still fails because the Commonwealth is not required to show that the contact was threatening. See Silva, 431 Mass. at 200 ("to obtain a conviction, the Commonwealth is not required to prove that the defendant actually intended to violate the order, but only to prove that the act constituting the violation was voluntary"). We discern no error.

The defendant claims that the prosecutor failed to meet the "beyond a reasonable doubt" standard required for a conviction by failing to introduce the letter into evidence. We disagree. The prosecutor was not required to produce the actual letter to prove that the defendant violated the abuse prevention order. The defendant concedes that he mailed the motion for temporary orders to the victim and that he knew about the abuse prevention order at the time. Viewing the evidence in the light most favorable to the Commonwealth, we conclude there was sufficient evidence that the defendant intended to mail the temporary orders to the victim, thereby violating the no contact provision of the abuse prevention order. See Silva, 431 Mass. at 200.

2.  _Ineffective assistance of counsel_.  The defendant claims that his trial counsel provided ineffective assistance of counsel because of his "confusing arguments, failure to introduce relevant evidence, and overall lack of preparation." We are not persuaded.  To sustain a claim of ineffective assistance of counsel, the defendant must show that "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," and that such failing "likely deprived the defendant of an otherwise available, substantial ground of [defense]."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial."  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight."  Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).  Therefore, a "claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction when the factual basis of the claim appears indisputably on the trial record" (citation omitted).  Zinser, supra at 811.  This is not such a case.  The defendant does not

specify how counsel's arguments were confusing or identify what "relevant evidence" trial counsel failed to introduce.  On the record before us, we conclude that the defendant's claim of ineffective assistance fails.[3]

                              Judgment affirmed.

                              By the Court (Rubin, Neyman &
                                Tan, JJ.[4]),

                              Clerk

Entered:  August 12, 2025.

---

[3] To the extent that we have not specifically addressed subsidiary arguments in the defendant's brief, they have not been overlooked.  We find nothing in them that requires further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[4] The panelists are listed in order of seniority.

8