NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-145

L.B.R.

vs.

B.J.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant (husband) appeals from a judgment of divorce nisi that entered in the Probate and Family Court following a trial.  On appeal, the husband argues that the trial judge erred by refusing to grant his request for a continuance, crediting the plaintiff's (wife's) representations at trial, failing to issue factual findings, and ordering him to pay the wife child support.  Because the judge failed to make the statutory findings required by G. L. c. 208, § 34, on the division of property, we vacate that portion of the judgment and remand.  We otherwise affirm the judgment.

Background.  The parties were married and had three children together.  On April 30, 2019, the wife filed a

complaint for divorce, alleging an irretrievable breakdown in the relationship.

On December 13, 2022 -- seven days before the trial date -- the husband filed a motion for a continuance due to, inter alia, a spinal cord injury preventing his travel to the court.  The husband provided no documentary evidence of his injuries or ongoing medical treatment.  At trial, the wife presented a photograph taken on December 17, 2022 -- four days after the husband requested a continuance due to his injuries -- depicting him lifting a trailer.  In a handwritten endorsement denying the husband's request for a continuance, the judge noted that the photograph depicted the husband "engaging in activities without limitation" and concluded that "[t]o the extent that [the] [d]efendant's motion alleges he is unable to attend the trial due to any injury, the court does not find this credible."  The husband noticed an interlocutory appeal on the continuance issue, which was not addressed.

On December 20, 2022, the judge held a trial on the merits with only the wife present and issued a judgment of divorce nisi.  The judgment did not include comprehensive findings of fact and conclusions of law.  In awarding attorney's fees to the wife, the judge found that "[t]he [h]usband has repeatedly and willfully ignored Court orders, impeded the divorce process,

2

misrepresented various facts, and harassed numerous individuals related to the divorce."  Elaborating further, the judge concluded that "the [h]usband has not negotiated this matter in good faith and that the [h]usband's actions are solely the reason that this matter did not resolve short of trial."  The judge, among other things, also awarded the wife sole legal and physical custody of the parties' minor children and $209 weekly in child support to be paid by the husband.  The husband appealed.[1]

Discussion.  We begin by noting that most of the defendant's arguments are unsupported by legal authority and therefore fail because they do not rise to the level of appellate argument as required by Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  However, in reviewing the record and considering the husband's arguments, we discern no error with the exception of the failure to issue factual findings on the division of property.[2]

---

[1] After the judgment, the husband filed several postjudgment motions.  The judge denied all the motions.  The husband did not include these motions in his notice of appeal.

[2] While we are not insensitive to challenges faced by self-represented litigants, we hold them to the same standards as litigants represented by counsel.  See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997), cert. denied, 522 U.S. 982 (1997); Pandey v. Roulston, 419 Mass. 1010, 1011 (1995) ("The fact that the plaintiff is pro se does not excuse him from compliance with relevant rules of substantive and procedural law").

1. Motion for continuance. The husband argues that the judge abused her discretion in denying his motion to continue the trial date. We disagree.

"Whether a case shall be continued or proceed to trial is within the sound discretion of the judge." Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984). Trial judges abuse their discretion when committing "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, the husband filed his motion for a continuance one week before the trial date and over four months after the judge set the trial date. The primary reason for the husband's motion was a spinal cord injury that required "extended medical treatment" and rendered him unable to attend the trial. The husband provided no documentary evidence of his injuries or ongoing medical treatment. Because the wife presented unopposed evidence -- in the form of a photograph depicting the husband lifting a trailer -- undermining the husband's claim of significant physical limitation, a denial of the husband's last-minute motion was not "outside the range of reasonable alternatives." L.L., 470 Mass. at 185 n.27. See Commonwealth

4

v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions").  See also Beninati, 18 Mass. App. Ct. at 535 ("The orderly management of the trial list is a legitimate concern of a judge and, while not necessarily a determinative consideration, ought not to be belittled").

2.  Request to vacate.  The husband argues that the judgment of divorce should be vacated because the judge's rulings -- particularly those regarding the division of property -- were unsupported by the evidence presented at trial.  The husband contends further that his ability to challenge the judgment was unfairly inhibited by the judge's decision not to issue findings of fact and conclusions of law following the trial.

> "General Laws c. 208, § 34, confers broad discretion on a judge in . . . making an equitable property division.  The judge's order must be accompanied by express findings which indicate that all relevant factors under § 34 have been fairly considered.  'The weight to be accorded each of the § 34 factors in a particular case is committed to the judge.'  If the reasons for the judge's conclusions are apparent in [her] decision, [her] determinations as to . . . property division may not be reversed unless 'plainly wrong and excessive.'" (Citations omitted.)

Early v. Early, 413 Mass. 720, 727 (1992).

The judgment states that "[a]ll property has already been divided, and the Court credits that it has been divided evenly, with a 50-50 distribution."  Pursuant to the judgment, each

5

party also was entitled to retain his or her own motor vehicle, retirement accounts, and bank accounts.  The judge was required to issue findings of fact and conclusions of law on the issue of the property division within sixty days of the filing of the notice of appeal.  See Mass. R. Dom. Rel. P. 52 (a).  The findings are necessary to determine whether the judge properly considered the factors pursuant to G. L. c. 208, § 34.  See Drapek v. Drapek, 399 Mass. 240, 243 (1987) ("The judge's findings must indicate that he or she has weighed all the statutory factors" [emphasis added]).  Because the judge failed to issue findings of fact and conclusions of law, we cannot determine whether she properly weighed all the statutory requirements when she made equitable property divisions as required under G. L. c. 208, § 34.  We therefore vacate the portion of the judgment on the issue of property division and remand for findings on the § 34 factors.

As to the husband's argument that the divorce judgment was otherwise unsupported by the evidence at trial, the husband has the burden of presenting an appellate argument and producing a record appendix that are adequate for appellate review.  See Mass. R. A. P. 16 (a) (9); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  The rule "is more than a 'mere technicality.  It is founded on the sound principle that the

right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958). Here, the husband's failure to present the transcript of the divorce trial -- a critical portion of the factual record -- precludes our review of his request to vacate the divorce judgment based on insufficient evidence.

3. Child Support. The husband argues that the judge erred in awarding the wife child support because one of the parties' children -- an adult at the time of judgment -- lives with him. We disagree.[3]

As an initial matter, the husband's assertions concerning child support are unsupported by adequate legal argument or a record that supports his claim.[4] In any event, even if we were to consider the husband's arguments, G. L. c. 208 § 28, dictates that "[t]he court may make appropriate orders of maintenance,

---

[3] The husband also argues that the child support awarded by the judge exceeded the amount allowed by law. This claim, unsupported by legal authority or citation to the record, does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (9).

[4] In addition to the trial transcript, the husband also did not provide the parties' financial statements or the child support guidelines worksheets.

7

support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance." Here, to the extent that the judge declined to award support to the husband for the adult child, this action was permissible. The child support statute, permits -- not requires -- a judge to award child support for an adult child between the ages of eighteen and twenty-one years old.[5]

Conclusion. So much of the judgment of divorce nisi as pertains to property division is vacated, and the case is remanded for the judge to make findings required by G. L. c. 208, § 34, and issue an amended judgment of divorce,

---

[5] With regard to additional claims raised by the husband, we conclude that they do not merit further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied on by the [husband] but not discussed in this opinion, have not been overlooked. We find nothing in them that requires discussion").

consistent with this memorandum and order.  The judgment of

divorce nisi is affirmed in all other respects.

So ordered.

By the Court (Rubin, Neyman &
   Tan, JJ.[6]),

Clerk

Entered:  August 22, 2025.

---

[6] The panelists are listed in order of seniority.