Donovan **WALKER**, Petitioner,

v.

Louis **RUSSO**, Superintendent, and **Martha Coakley**, Attorney General of the Commonwealth of Massachusetts,[1] Respondents.

**Civil Action No. 06–11476–WGY.**

United States District Court, D. Massachusetts.

April 18, 2007.

---

1. Pursuant to Fed.R.Civ.P. 25(d)(1), Martha Coakley has been substituted for Thomas Reilly, who was the Attorney General at the time this action was brought.

murder in the first degree of Tyrone Davis ("Davis"). Presently, Walker prays this Court grant him relief due to allegedly incorrect jury instructions and ineffective assistance of trial counsel.

## A. Procedural Posture

On August 18, 2000, Walker was convicted in the Massachusetts Superior Court sitting in and for the County of Essex of first-degree murder and sentenced to life in prison. Walker Mem. at 2. At the trial, Justice McAvoy gave the jury, *inter alia,* the following instructions:

> In regard to manslaughter as well *you must be unanimous as to the theory or theories of a conviction of manslaughter.*

Tr. Vol. 4 at 100 (emphasis added).

> [I]n order to prove the defendant acted with malice *the Commonwealth must prove beyond a reasonable doubt the absence of certain mitigating circumstances.* Mitigating circumstances are circumstances which lessen a defendant's culpability for an act. Both the crimes of murder and voluntary manslaughter, which is manslaughter in this case, require proof of an unlawful killing, but the killing *may be the crime of voluntary manslaughter if it occurred under mitigating circumstances so that the Commonwealth cannot prove beyond a reasonable doubt that the defendant acted with malice.* In order to obtain a conviction of murder *the Commonwealth must prove beyond a reasonable doubt the absence of these mitigating circumstances.*

So, based on the evidence in the case, the mitigating circumstances you may consider are heat of passion upon a reasonable provocation, heat of passion in-

Eva M. Badway, Cathryn A. Neaves, Attorney General's Office, Boston, MA, for Respondents.

Leslie W. O'Brien, Winchester, MA, for Petitioner.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

## I. Introduction

Donovan Walker ("Walker") brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. On August 18, 2000, a jury of Walker's peers found him guilty of

duced by sudden combat, or the excessive use of force in self-defense.

Tr. Vol. 4 at 87–88 (emphases added).

Walker appealed his conviction to the Massachusetts Supreme Judicial Court. In addition, Walker filed a motion for a new trial or a reduction of the verdict, alleging *inter alia*, that trial counsel had been ineffective. In response, the Supreme Judicial Court stayed the direct appeal and remanded the case to the Superior Court. The Superior Court held an evidentiary hearing on February 8, 2002. On August 14, 2002, Justice McEvoy issued a memorandum denying the petitioner's motion for a new trial. *Commonwealth v. Walker*, No. ESCR 1999–02722 (Mass. Superior Ct. Aug. 14, 2002).

The appeal then went forward, in which Walker raised, for the first time, several issues, including whether the trial judge's jury instructions incorrectly required a unanimous jury verdict about mitigating factors, thereby shifting to the defendant the burden of proving the presence of such a factor. The Supreme Judicial Court held oral arguments and later denied Walker's appeal, rejecting all of his claims. *Commonwealth v. Walker*, 443 Mass. 213, 820 N.E.2d 195 (2005). In its denial of Walker's jury instruction claim, the Supreme Judicial Court utilized the substantial miscarriage of justice review, the standard of review used in Massachusetts for claims not raised at trial.

Walker then filed a second motion for a new trial. Justice McEvoy denied this second motion. On March 6, 2006, Walker filed an application for leave to appeal from the denial of the motion for a new trial. In this application, Walker alleged new reasons why his trial counsel had been ineffective. Walker's Memorandum in Support of Application for Leave to Appeal [Doc. No. 8] at 7–8. On July 11, 2006, Justice Sosman,[2] acting as "gatekeeper" pursuant to Mass. Gen. Laws ch. 278, § 33E, denied Walker's request for leave to appeal. *Commonwealth v. Walker*, No. SJ–2006–0113 (Mass. July 11, 2006).

On August 21, 2006, Walker filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. On October 19, 2006, Louis Russo and Thomas Reilly, then the Attorney General of the Commonwealth ("the Commonwealth"), filed a Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus [Doc. No. 8] ("Response").

## B. Facts

The Supreme Judicial Court stated that the jury could have found the facts as follows:

The defendant went to the AmVets bar in Haverhill on Thanksgiving evening, November 25, 1999. At one point he had a quiet conservation with Johnnie Powell, a woman with whom he had a dating relationship that Powell had ended several months earlier. The defendant was neither intoxicated nor upset. Tyrone Davis, the victim, was also in the bar, drinking and mingling with other patrons. At about 12:45 A.M. Davis propositioned Powell as she walked to the bathroom. An argument ensued that quickly drew the attention of the defendant. Davis apologized to Powell several times, but she would not relent.

---

2. Justice Martha Sosman (1950–2007) was both an outstanding trial judge and a superb appellate jurist. While this Court naturally has discharged its role without regard to any person, I cannot fail to remark that, like all her work, the *Walker* decision is a typical example of Justice Sosman's unexcelled regard for the trial court record and the controlling legal framework. Justice Sosman is a shining exemplar of judicial professionalism at its best.

The defendant approached and said, "Leave it alone. Let it go." Davis and the defendant began to argue, and the defendant said, "You don't want to mess with me. Somebody's going to bleed." The bartender intervened, telling the defendant to leave and directing Davis to remain inside the bar. The bartender followed the defendant outside. As the bartender was returning to the bar, he was met by Davis. The bartender told him to wait inside for a while, but Davis said, "Screw this," and pushed past him.

The defendant and Davis argued for several minutes in the parking lot. A number of patrons, including some friends of Davis, gathered around to watch, but otherwise they did not become involved. The defendant said, "I want to get to my car. No one is pushing me there" and, "If you mess with me you'll be on the ground." The defendant did not attempt to back away or go to his car. Davis, who was not armed, pushed the defendant backward, then said either "I'm out of here," or "Get away from me." The defendant struck Davis once on the left side of his head and once on the left side of his upper chest. Davis fell to the ground, blood gushing from the left side of his head. The defendant was seen closing a knife and quickly walking away. The victim's friends gave chase and threw bottles at the defendant.

Davis died of a stab wound to his head. A pathologist testified that a knife-like instrument perforated the left side of Davis's skull and penetrated his brain to a depth of four and one-half inches. The wound in his chest was five and one-half inches deep. Both wounds required a marked degree of force. A toxicology report indicated that Davis had a blood alcohol level of .323, and positive test results for cocaine.

The defendant fled to New York, but later arranged to turn himself in to Haverhill police in mid-December, 1999. *Walker*, 443 Mass. at 214–15, 820 N.E.2d 195.

## C. Federal Jurisdiction

This Court has jurisdiction to review Walker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. Analysis

Walker's petition argues that, at most, he was guilty of manslaughter and this Court should grant him habeas relief on two grounds. First, he argues the trial judge erroneously instructed the jury that they must unanimously agree on one of three possible theories of manslaughter. Memorandum in Support of Petition for Writ of Habeas Corpus [Doc. No. 4] ("Walker's Mem.") at 6–7. This instruction, he argues, shifted the burden of proof, forcing Walker to prove the existence of mitigating factors, instead of requiring the Commonwealth to prove their absence, as is required by law. *Id.* Walker argues that the unanimity instruction foreclosed the possibility of a voluntary manslaughter verdict because the jury could have been in agreement that a mitigating circumstance was present but disagreed as to which one. *Id.* at 7–8. The Supreme Judicial Court noted that in such a situation the jury would have reported a deadlock rather than finding Walker guilty of manslaughter. *Walker*, 443 Mass. at 222, 820 N.E.2d 195. The Supreme Judicial Court held that the instruction was erroneous but that there was no substantial likelihood of a miscarriage of justice. *Id.* The Supreme Judicial Court also noted that additional proper jury instructions—the trial judge had instructed the jury that the Commonwealth must prove beyond a reasonable doubt the absence of each factor that mitigates murder to manslaughter—

were given in addition to the errant instruction. *Id.*

Second, Walker argues the trial counsel's assistance was ineffective in: (1) failing to elicit from the bartender testimony that Walker was leaving the premises before he became involved in the altercation that resulted in Davis's death; (2) failing to impeach key prosecution witnesses; (3) failing to argue the victim was fortified by individuals holding beer bottles; and (4) conceding that the fight was a one-against-one fight. Walker Mem. at 16–17.

As a preliminary matter, however, this Court must first address the Commonwealth's argument that Walker's jury instruction and ineffective assistance of counsel claims are procedurally defaulted. Response at 5.

## A. Federal Review of Defaulted Claims

■ When the state chooses to reach a decision about a federal claim, not on the merits, but instead on an "independent and adequate state-law ground," the claim is precluded from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). An adequate and independent state ground may include a decision by a state court to decline to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. *Id.* In Massachusetts, the failure to raise an objection to a jury instruction before the jury retires to consider the verdict precludes appellate review. *See* Mass. R.Crim. P. 24(b); *Commonwealth v. Wright*, 411 Mass. 678, 681, 584 N.E.2d 621 (1992). This procedural rule has been accepted as an adequate and independent ground that bars federal habeas review. *Moore v. Ponte*, 186 F.3d 26, 31–32 (1st Cir.1999).

■ There is a twist, however, in this analysis of federal habeas laws (as there often is). The Supreme Court has determined that if a state court decides to base its denial of a federal claim, not on procedural default, but on its merits, this constitutes a waiver of the procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Thus, analysis of the reasoning of the state court in denying a claim is necessary to determine if waiver of the procedural default has taken place.

■ Even if a claim has been procedurally defaulted, that does not end the matter. A petitioner can overcome the default if he can show cause why the claim was not raised at the state level and that prejudice resulted from the failure to so raise the issue. *Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir.1995). To show cause, a defendant must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 487, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Cause is often satisfied by a showing of ineffective assistance counsel. *See Horton*, 370 F.3d at 81. Cause may also be proven by a showing that what the defendant failed to object to at trial was, at the time, a novel legal theory. *Moore*, 186 F.3d at 31–32.

■ If cause and prejudice cannot be shown, then the final manner in which a petitioner can overcome the rule that bars review of defaulted claims is to show that lack of review would result in a miscarriage of justice. This can be shown through a demonstration of actual innocence. *Id.*

## B. Procedural Default of the Jury Instruction Claim

■ In the present case, Walker failed to raise the issue of a faulty jury instruc-

tion at the time of his trial. When he brought this claim to the Supreme Judicial Court, Justice Spina did not explicitly deem the claim defaulted. Instead, he reviewed the underlying facts to determine if there had been a "substantial likelihood of a miscarriage of justice." *Walker*, 443 Mass. at 222, 820 N.E.2d 195. In so doing, the Justice implied that the claim had been defaulted. Had there been no default, he would have used a "harmless error" standard. *See Commonwealth v. Medina*, 430 Mass. 800, 802–803, 723 N.E.2d 986 (2000).

Nevertheless, Walker argues that because the Supreme Judicial Court "fully analyzed the claim," he is entitled to habeas review. The First Circuit has held, however, that when a state court reviews the merits of a claim in order to determine if there was a substantial likelihood of miscarriage of justice, this "does not work a waiver of the contemporaneous objection requirement." *Horton*, 370 F.3d at 81.

Despite this holding, Walker cites *Horton* for his argument that in the present case, the Supreme Judicial Court "rejected the claim not because it was entitled to a lesser standard of review, but because, the court held, other instructions given by the trial judge negated the error." Walker Mem. at 14. Walker therefore argues that habeas review is not barred. *Id.*

*Horton*, however, supports the Commonwealth's position, not the petitioner's. In that case, the Supreme Judicial Court analyzed the trial court's jury voir dire procedure and found that there was no prejudice, and, therefore, no miscarriage of justice. 370 F.3d at 80 (citing *Commonwealth v. Horton*, 434 Mass. 823, 832–33, 753 N.E.2d 119 (2001)). As with the present case, a substantive review of the trial judge's actions by the appellate court did not constitute a waiver of procedural default. *See id.* Accordingly, the First Circuit affirmed the district court's denial

on the ground that there was an adequate and independent state ground. *Id.* at 82–83. Similarly, in the present case, the Supreme Judicial Court's notice of the harmlessness of the jury instruction error was in the context of showing a lack of a miscarriage of justice, and this did not waive the procedural default of the claim.

Walker points to Justice Sosman's opinion in her denial of his motion for leave to appeal the denial of a motion for a new trial as supportive of his argument. Justice Sosman stated that, since "appellate counsel did raise the issue of the underlying error, and given that [the Supreme Judicial Court] agreed that the instruction was erroneously given, it is hard to understand how the defendant could not obtain review of the claim in Federal habeas proceedings." *Walker*, No. SJ–2006–0113. Despite this observation, Justice Sosman does not call into question the procedural default of the jury instruction claim, and, in fact, recognized that her colleague used a miscarriage of justice standard when analyzing the claim. *Id.* In addition, she did not imply that the Supreme Judicial Court had waived the procedural default, nor did she waive it herself by examining the merits of the claim. *See id.* Thus, this Court must find that the default stands and substantive review is inappropriate.

Even given the default, petitioner does have an opportunity to demonstrate cause for and prejudice by the default. Walker does not presently allege that the jury instruction claim was not raised because of ineffective counsel. Walker's argument therefore rests on a claim that failure to review the jury instruction claim would result in a miscarriage of justice due to Walker's actual innocence.

■ "To establish actual innocence, petitioner must demonstrate that, 'in light of

all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 327–328, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U. Chi. L.Rev. 142, 160 (1970))). This is an extremely high standard and one that Walker is unable to meet. Walker claims that he is actually innocent of murder and is, at most, guilty of manslaughter. As the Supreme Judicial Court noted, however, the incorrect jury instruction had no bearing on the jury returning their murder verdict of guilty of in the first degree. *Walker,* 443 Mass. at 222, 820 N.E.2d 195 ("The jury necessarily were satisfied that the Commonwealth met its burden of proof because they returned a guilty verdict of murder. If the jury found themselves in the circumstances posed by the defendant, they would have reported a deadlock."). Therefore, it is more likely than not that the jury in this case would have found Walker guilty of murder even with completely proper jury instructions.

Without showing "cause and prejudice" or a miscarriage of justice, this Court cannot overlook the default of his jury instruction claim. Thus, this Court cannot review the merits of this claim.

## C. Procedural Default of the Ineffective Assistance of Counsel Claim

In this habeas petition, Walker raises several reasons why his counsel at trial was ineffective. Walker argues his trial counsel's assistance was ineffective in: (1) failing to elicit testimony from a bartender that Walker was leaving the premises before he became involved in the altercation that resulted in Davis's death; (2) failing to impeach key prosecution witnesses; (3) failing to argue the victim was backed up by individuals holding beer bottles; and (4) conceding that the fight was one-against-one. Walker Mem. at 16–17. Walker suggests that had he received effective assistance of counsel, he would have been found guilty of manslaughter rather than murder in the first degree.

Walker admits that he neither raised the present ineffective assistance claim in his direct appeal nor in his pre-appeal motion for a new trial. Walker Mem. at 28. Walker did, however, raise the present claim in his second motion for a new trial.

■ Massachusetts courts generally will not consider ineffective counsel claims raised for the first time on direct appeal; the Supreme Judicial Court has explained that ineffective assistance claims ought be raised in a motion for a new trial and are not waived merely because they were left out of a defendant's direct appeal. *Commonwealth v. Zinser,* 446 Mass. 807, 810–11, 847 N.E.2d 1095 (2006).[3]

■ This case presents an unusual procedural posture because Walker appealed the denial of his first motion for a new trial at the same time that he took direct appeal and the Supreme Judicial Court consolidated the appeals. The question presented here is whether Walker should have raised all of his ineffective

3. *Zinser* states that a post-trial motion is an appropriate time to raise ineffective counsel claims for the first time "where an appellate court could not have resolved [the] claim on direct appeal." *Id.* at 809. *Zinser* noted that ineffective counsel claims raised for the first time on appeal are not sufficiently developed in the record for appellate courts to consider. *Id.* at 812, 847 N.E.2d 1095; *see also Massaro v. United States,* 538 U.S. 500, 504–07, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (noting that ineffective counsel claims raised for the first time on direct appeal are often incompletely developed).

assistance claims regarding trial counsel in his *first* motion for a new trial. Justice Sosman addressed this issue in denying Walker's motion for leave to appeal the denial of the second motion for a new trial. Justice Sosman held that Walker's ineffective assistance claim was not "new and substantial" because he did not raise it at his first motion for a new trial when he was represented by new counsel. *See Commonwealth v. Walker*, No. SJ–2006–0113. Since Walker's ineffective assistance claim was not "new" because he could have raised the claim in his first motion for new trial, Walker defaulted on the claim. *See Olszewski v. Spencer*, 369 F.Supp.2d 113, 130–34 (D.Mass.2005) (Gorton, J.) (holding procedurally defaulted an ineffective assistance claim—raised for the first time in a second motion for new trial—that the gatekeeper Justice did not consider "new or substantial"). The First Circuit has held that a determination that a claim is not "new and substantial" is an independent and adequate state ground to bar federal habeas review. *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st Cir.1999).

 As with the jury instruction claim, Walker argues only that he can overcome procedural default because he is "actually innocent" of the charged offense. Walker Mem. at 28–29. Again, for Walker to succeed on this argument, he must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Gunter v. Maloney*, 291 F.3d 74, 83 (1st Cir.2002). Walker argues that had his counsel elicited testimony from the bartender that Walker was leaving the premises before Davis came out of the bar into the parking lot, no reasonable juror would have convicted him of murder in the first degree. Walker Mem. at 29. The necessary inference in Walker's argument is that if he were leaving the bar he could not have planned to

kill Davis and, therefore, he is guilty at most of manslaughter. An examination of Massachusetts law does not support Walker's inference but rather demonstrates that it is likely that all of the jurors could have found Walker guilty beyond a reasonable doubt even had the bartender testified that Walker was leaving the premises.

 "A defendant deliberately premeditates where he forms a plan to kill after deliberation and reflection, but no particular length of time is required in order to show deliberate premeditation. It may be a matter of days, hours, or even seconds. It is not so much a matter of time as of logical sequence. First the deliberation and premeditation, then the resolution to kill, and lastly the killing in pursuance of the resolution; and all this may occur in a few seconds. In addition, obtaining and using a weapon at close range ... is sufficient generally to permit an inference of premeditation." *Commonwealth v. Coren*, 437 Mass. 723, 730, 774 N.E.2d 623 (2002) (citations and quotation marks omitted). Therefore, under Massachusetts law, the fact that Walker intended to leave the premises had little, if any, bearing on the jury's finding Walker guilty of premeditated murder given the other evidence at trial and the time lapse between leaving the bar and the assault.

Further, the jury heard testimony that Walker told Davis, "If you mess with me you'll be on the ground." This testimony, coupled with Walker's use of a weapon at close range make it unlikely that no reasonable juror would have found Walker guilty of premeditated murder under *Coren*, even with the bartender's testimony. Therefore, contrary to Walker's argument, the bartender's testimony that Walker was leaving the bar would not "have cut the legs from under the prosecution's theory of first-degree murder." Walker Mem. at 30.

Walker advances only this one argument—that the bartender's testimony provides adequate support for the actual innocence exception—as to why his ineffective counsel claim is not procedurally defaulted. Even were this testimony to have been proffered, it is not enough to satisfy the actual innocence standard for the reasons described above. Walker therefore procedurally defaulted on his ineffective counsel claim and habeas relief is inappropriate.

## III. CONCLUSION

Walker's claims were procedurally defaulted by the State court and thus are barred from review by this Court. The habeas petition [Doc. No. 1] must therefore be, and hereby is, denied. Judgment shall enter for the respondents.

SO ORDERED.