## COMMONWEALTH vs. LAWRENCE ZINSER.

Middlesex. March 6, 2006. - May 25, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Practice, Criminal,* Assistance of counsel, Appeal, New trial. *Constitutional Law,* Assistance of counsel. *Waiver.*

This court concluded that in circumstances where an appellate court could not have resolved a criminal defendant's claim on direct appeal from his conviction (a claim of ineffective assistance of counsel not based on facts that appeared indisputably on the trial record), and where the defendant raised his claim in his first postappeal motion for a new trial, the defendant did not waive the claim, and the motion judge should have addressed it on the merits and applied the standard under which such claims are ordinarily evaluated; accordingly, this court remanded the matter for further proceedings. [810-813]

INDICTMENTS found and returned in the Superior Court Department on February 19, 1997.

Following review by the Appeals Court, 51 Mass. App. Ct. 1105 (2001), a motion for a new trial, filed on May 26, 2004, was considered by *Peter M. Lauriat,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Donald K. Freyleue* for the defendant.

*Loretta M. Lillios,* Assistant District Attorney, for the Commonwealth.

The following submitted briefs for amici curiae:

*John M. Thompson* for Massachusetts Association of Criminal Defense Lawyers.

*Eric Brandt,* Committee for Public Counsel Services, for Committee for Public Counsel Services.

CORDY, J. In 1998, Lawrence Zinser was convicted of armed assault with intent to kill, assault and battery by means of a dangerous weapon, and malicious destruction of property (two

indictments). After his convictions were affirmed on appeal, see *Commonwealth* v. *Zinser,* 51 Mass. App. Ct. 1105 (2001), Zinser moved for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), on the ground that his trial counsel had provided ineffective assistance in failing to investigate adequately the possibility that Zinser suffered from a mental illness or impairment at the time of the offenses. The motion judge declined either to hold a hearing or to act on Zinser's motion (effectively denying it), on the supposition that the motion "raise[d] no issue which could not have been raised in his direct appeal from his convictions."

Zinser appeals, urging this court to adopt the holding of the United States Supreme Court in *Massaro* v. *United States,* 538 U.S. 500 (2003), applicable to Federal courts, that a defendant can raise a claim of ineffective assistance in a collateral proceeding even if the claim could have been raised on direct appeal.[1] We need not look to the *Massaro* Court for guidance on this proposition, as our law already permits what Zinser urges us to adopt. All claims, waived or not, must be considered. *Commonwealth* v. *Randolph,* 438 Mass. 290, 293 (2002).

Zinser's reliance on the *Massaro* case is particularly unnecessary because his claim of ineffective assistance is not one that an appellate court could have resolved on direct appeal in the first instance. In the circumstances of this case — where an appellate court could not have resolved Zinser's claim on direct appeal and where Zinser raised his claim in his first postappeal motion for a new trial — Zinser did not waive the claim and the motion judge should have addressed it on the merits and

---

[1] In *Massaro* v. *United States,* 538 U.S. 500 (2003), the lower courts concluded that, by raising an ineffective assistance claim for the first time in a collateral proceeding that could have been resolved on direct appeal, the defendant's claim was barred by the principle of procedural default. *Id.* at 502-503. The Supreme Court reversed, establishing a new rule that ineffective assistance claims brought in collateral proceedings under 28 U.S.C. § 2255 (2000) (the habeas corpus statute) are not procedurally barred even if the claim could have been resolved on direct appeal. *Massaro* v. *United States, supra* at 504. The *Massaro* Court made clear, however, that the preferred route in the Federal system for raising claims of ineffective assistance is not through direct appeal but by a motion in the trial court where facts often necessary to evaluate such claims can be sorted out. *Id.* at 504-507. Massachusetts shares that view. See, e.g., *Commonwealth* v. *McCormick,* 48 Mass. App. Ct. 106, 107 (1999), and cases cited.

applied the standard under which such claims are ordinarily evaluated.[2] Because the judge declined to do so, we remand the matter for further proceedings consistent with this opinion.

*Background.* The offenses of which Zinser was convicted arose from an incident that began when Zinser slashed the tires of an automobile parked at the home of a woman he allegedly had been stalking. In the course of this conduct, two male residents of the home confronted Zinser. A scuffle ensued, and Zinser stabbed and seriously wounded both men.

Although trial counsel was aware that Zinser had medical and mental health histories conceivably relevant to the case, his sole inquiry into the possibility of raising a defense based on mental illness or impairment apparently consisted of ordering copies of Zinser's records of his various hospitalizations and outpatient treatments. He did not petition the court for the appointment of a mental health expert to review the records, to examine Zinser, or to provide advice as to the viability of a defense strategy based on mental illness or impairment. Instead, counsel limited the defense at trial to one of self-defense.[3]

After trial, new counsel was appointed to represent Zinser. On direct appeal, Zinser raised no claim of ineffective assistance but rather contended that the trial judge had abused his discretion in admitting evidence of certain prior "bad acts" and, by admitting testimony of a police officer regarding prior consistent statements made by the two victims, had created a substantial risk of a miscarriage of justice. Rejecting those claims, the Appeals Court affirmed Zinser's convictions.

---

[2]We do not decide whether a defendant waives even a claim of ineffective assistance resolvable on the trial record alone by failing to raise it on direct appeal. The occasions when a court can resolve an ineffective assistance claim on direct appeal are exceptional, and our case law strongly disfavors raising ineffective assistance claims on direct appeal. See *Commonwealth* v. *Peloquin*, 437 Mass. 204, 210 n.5 (2002); *Care & Protection of Stephen*, 401 Mass. 144, 150 & n.4 (1987); *Commonwealth* v. *Pires*, 389 Mass. 657, 663 (1983); *Commonwealth* v. *Henley*, 63 Mass. App. Ct. 1, 7-8 (2005); *Commonwealth* v. *Ortega*, 59 Mass. App. Ct. 217, 221 (2003), *S.C.*, 441 Mass. 170 (2004); *Commonwealth* v. *Anderson*, 58 Mass. App. Ct. 117, 124 n.8 (2003). Even if a defendant in such a case were deemed to have waived the claim, he or she would (barring extraordinary circumstances) be entitled to review of the claim for a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Randolph*, 438 Mass. 290, 293-295 (2002).

[3]Trial counsel offered no defense to the malicious destruction charges.

In May, 2004, Zinser filed the present motion for a new trial, raising for the first time a claim of ineffective assistance: that his trial counsel had failed to investigate adequately the possibility that Zinser suffered from a mental illness or impairment due to serious and permanent brain injuries suffered when he was struck by a hit and run driver in 1985. The motion was supported by an affidavit from a forensic psychologist. The judge denied the motion on the theory that the defendant could have raised his claim on direct appeal (and thus had waived it). Zinser timely moved for reconsideration, arguing that his claim could not have been raised in his direct appeal where the trial record was devoid of information material to Zinser's mental condition or the potential strength of a defense based on that condition, and that the Appeals Court would have had no way of knowing whether trial counsel's failure to pursue a defense premised on mental illness was the product of a tactical decision. The judge summarily denied the motion for reconsideration.

*Discussion.* We begin with the well-established principle that the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 90 n.1 (1974). Accord *Care & Protection of Stephen*, 401 Mass. 144, 150 & n.4 (1987) (following *Saferian* and declining to address ineffectiveness claim raised for first time on appeal; "[a]bsent exceptional circumstances, we do not review claims of ineffective assistance of counsel for the first time on appeal"; court signaled that appellant could pursue claim in postappeal motion for new trial); *Commonwealth* v. *Cosme*, 398 Mass. 1008, 1009 (1986) (remanding claim that counsel was ineffective for failing adequately to investigate defense of lack of criminal responsibility where claim could not be decided on trial record); *Commonwealth* v. *Pires*, 389 Mass. 657, 663 (1983) (claims of ineffectiveness raised for first time on appeal "not properly before us"). See also *Commonwealth* v. *McCormick*, 48 Mass. App. Ct. 106, 107 (1999), and cases cited ("recommended course" for raising ineffectiveness claim is "making a motion for a new trial accompanied by affidavits, with the potential for an evidentiary hearing and findings"; "[b]oth [appellate courts] have

long and consistently observed that claims of ineffective assistance of counsel, at least in the first instance, should be advanced in the context of a motion for a new trial"). Put another way, our courts strongly disfavor raising claims of ineffective assistance on direct appeal. See *Commonwealth* v. *Peloquin*, 437 Mass. 204, 210 n.5 (2002) ("an ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight"). Accord *Commonwealth* v. *Henley*, 63 Mass. App. Ct. 1, 7-8 (2005); *Commonwealth* v. *Ortega*, 59 Mass. App. Ct. 217, 221 (2003), *S.C.*, 441 Mass. 170 (2004).[4]

An exception to that rule is that a "claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction when the factual basis of the claim appears indisputably on the trial record." *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994). But this exception is narrow. See *Commonwealth* v. *Anderson*, 58 Mass. App. Ct. 117, 124-125 n.8 (2003), quoting *Commonwealth* v. *McCormick*, *supra* ("This limited venue, which allows for review of ineffective assistance claims in special cases where the contested issue concerning the attorney's performance is clear on the extant record, is a narrow exception to the general principle that 'claims of ineffective assistance of counsel, at least in the first instance, should be advanced in the context of a motion for a new trial' ").

Here, the motion judge, in concluding that Zinser could have raised his claim of ineffective assistance on direct appeal, implied that Zinser's claim fell within that narrow category of claims that an appellate court can resolve on the trial record

---

[4]Of course, no decision of our courts absolutely requires that defendants always raise claims of ineffective assistance in motions for a new trial. Cf. *Massaro* v. *United States*, 538 U.S. 500, 508 (2003) ("We do not hold that ineffective-assistance claims must be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*. In those cases, certain questions may arise in subsequent [collateral] proceedings . . . concerning the conclusiveness of determinations made on the ineffective-assistance claims raised on direct appeal").

alone, and thus effectively concluded that, because Zinser had not raised his claim there, he had waived it. Those conclusions are in error. Putting aside the question whether a defendant who fails to raise on direct appeal a claim that falls within the narrow exception discussed in the *Adamides* case is deemed to have waived it, see note 2, *supra*, Zinser's claim is not one for which the factual basis "appears indisputably on the trial record." On the contrary, his claim is of the sort requiring consideration of new facts — at a minimum, consideration of the assertions made in the affidavit submitted by a forensic psychologist in support of Zinser's motion. Cf. *Commonwealth v. Dunn*, 56 Mass. App. Ct. 89, 95 n.5 (2002) (in raising ineffective assistance claim on direct appeal, defendant "improperly submitted an affidavit to this court for the first time on appeal"). Zinser's claim is, therefore, not one that falls within the narrow *Adamides* exception to the general rule that defendants should raise claims of ineffective assistance in motions for a new trial.

Having found that Zinser's claim was not one that could have been resolved on direct appeal, we consider whether there was any other reason for the motion judge to have deemed it waived. We conclude that there was not. Zinser raised his claim in his first postappeal motion for a new trial. Therefore, this is not a case where we can say that his convictions are "firmly settled." *Commonwealth v. Randolph*, 438 Mass. 290, 296 n.11 (2002) (court has sometimes declined to consider merits of appeal where defendant's conviction has, after multiple motions for new trial, been deemed "firmly settled").

Concluding that Zinser did not waive his claim, the standard under which it ought to be evaluated is the familiar standard articulated in *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974).[5] See *Commonwealth v. Phinney, ante* 155, 163 n.10 (2006) (where defendant in capital case raised ineffective assistance claim for first time in postappeal motion for new trial

---

[5]What is required is a consideration whether there has been "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974).

and claim could not have been resolved on trial record alone, *Saferian* standard applied).

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*