The defendant, Timothy M. Laveck, was convicted of indecent assault and battery on a person fourteen years of age or older. On direct appeal, the defendant contends that he is entitled to a new trial on grounds of ineffective assistance of counsel. We affirm.
Background. On a late summer afternoon, the defendant invited his then nineteen year old[2] adopted sister, the victim, to go fishing with him in an area known as the Northampton Meadows. The victim testified that during the drive to the Meadows in the defendant's Jeep he offered her vodka "in two little nips," which she declined. The victim further testified that while at the Meadows, the defendant took a twenty-dollar bill out of his wallet, folded it in his hand, and "placed his left hand on [her] crotch while she was sitting in the Jeep." The victim quickly made an excuse to leave and asked the defendant to take her home.
Once home, the victim telephoned her boyfriend and recounted what had happened. He told her to call the police. Testifying as the "first complaint" witness, the boyfriend related the substance of the victim's allegations to the jury.
The defense called Easthampton police Officer Eric Alexander as a witness. Responding to the victim's call, Alexander went to her home to interview her about her sexual assault allegation. The victim told Alexander that the defendant had driven her to the Meadows. She never mentioned vodka or nips of vodka. She told Alexander what happened at the Meadows; however, Alexander did not testify about the substance of the victim's account. Testifying on his own behalf, the defendant denied offering the victim any alcohol and denied ever touching her inappropriately.
The defendant was tried before a jury in the District Court. The trial, from opening statements to jury instructions, was completed in less than three hours. After about three hours of deliberations, the jury reported they were deadlocked with a four-two split in favor of conviction.[3] The next morning, before sending the jury out for further deliberations, the judge gave a Tuey-Rodriquez [4] instruction. The jury returned after one and one-half hours with a guilty verdict.
Ineffective assistance of counsel. The defendant contends that two decisions of counsel amounted to ineffective assistance: the decision to call Alexander as a witness, and counsel's request that the judge give a Tuey-Rodriquez instruction after learning that the jury were split in favor of conviction.
The defendant raises his claims of ineffective assistance for the first time in this direct appeal. "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). An ineffective assistance of counsel claim raised on the "trial record alone is the weakest form of such a challenge," Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002), and "[f]or such a claim to be successful, counsel's inadequate performance 'must appear indisputably on the trial record.' " Commonwealth v. Morales, 461 Mass. 765, 785 (2012), quoting from Zinser, supra at 811.
To prevail on his ineffective assistance of counsel claims, the defendant bears the burden of establishing that "(1) defense counsel's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' (performance prong), and (2) he was prejudiced by counsel's conduct in that it 'likely deprived the defendant of an otherwise available, substantial ground of defence' (prejudice prong)." Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Thus, a defendant must prove both deficient performance and prejudice." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722 (2012).
Moreover, "[t]actical judgments do not lead to a finding of ineffective assistance of counsel unless they are 'manifestly unreasonable.' " Commonwealth v. Jones, 42 Mass. App. Ct. 378, 380 (1997), quoting from Commonwealth v. McMaster, 21 Mass. App. Ct. 722, 734 (1986). "Only 'strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent' are manifestly unreasonable." Commonwealth v. Burgos, 462 Mass. 53, 69 (2012), quoting from Commonwealth v. Zagrodny, 443 Mass. 93, 98 (2004). The manifestly unreasonable test is "essentially a search for rationality in counsel's strategic decisions, taking into account all the circumstances known or that should have been known to counsel in the exercise of his duty to provide effective representation to the client and not whether counsel could have made alternative choices." Commonwealth v. Kolenovic, 471 Mass. 664, 674-675 (2015). See Commonwealth v. Johnson, 435 Mass. 113, 133-134 (2001), quoting from Commonwealth v. Haley, 413 Mass. 770, 777-778 (1992) ("Trial tactics which may appear questionable from the vantage point of hindsight do not amount to ineffective assistance unless 'manifestly unreasonable' when undertaken").
a. Police officer testimony. Defense counsel called Alexander as a witness in order to impeach the victim's testimony that the defendant had offered her vodka while driving to the Meadows. The defendant now argues that this decision was manifestly unreasonable because it corroborated the victim's accusation, "providing the jury with 'a second first complaint witness,' " and that any competent attorney would have known that the cost of corroborating the victim's account far outweighed any benefit from this impeachment.
The case boiled down to the defendant's and victim's conflicting reports of what happened that afternoon. Calling the victim's credibility and memory into question was essential to any defense. Thus, defense counsel argued in summation that although the victim's recollection of the events was selective, she did specifically recall the two nips of vodka, yet she failed to mention this detail to the first officer she spoke with. Counsel's choice to impeach the victim through Alexander's testimony was "clearly a matter of strategy and not manifestly unreasonable." Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 537 n.8 (2012).
Even if it could be said that defense counsel's strategic decision indisputably fell below that of an ordinary, fallible lawyer, the defendant has failed to demonstrate prejudice. While counsel was able to obtain helpful impeachment evidence from Alexander, any damage that Alexander's testimony did to the defendant's case was minimal. The jury were aware that the victim reported the assault to the police. Alexander's testimony focused on the victim's omissions and did not convey the details of her accusations. The decision to call Alexander to testify does not constitute ineffective assistance of counsel.
b. Tuey-Rodriquez instruction. After the jury reported their deadlock, the judge pondered whether to send them home for the day and "tomorrow if there's a problem, we give Tuey-Rodri[q]uez," or whether to give the instruction then and "keep them here x amount of time." Defense counsel suggested that, in any event, the judge should give the instruction before the jury deliberated further. The defendant now contends that defense counsel's urging the judge to give a Tuey-Rodriquez instruction after the jury reported a four-two split in favor of conviction was a manifestly unreasonable decision. We disagree.
As the defendant raises the issue for the first time on direct appeal, no affidavit of defense counsel is available to explain counsel's rationale.[5] Nothing evident on the record indisputably demonstrates that counsel's decision fell below that of an ordinary fallible lawyer. We cannot rule out the possibility that counsel had a strategic reason for suggesting that the judge give the instruction before permitting the jury to continue deliberations. See Commonwealth v. Smith, 427 Mass. 245, 258 (1998).[6]
Even if the request was manifestly unreasonable, nothing in the record indisputably demonstrates that it prejudiced the defendant's case. We recently rejected the notion that the giving of a Tuey-Rodriquez charge after the jury have reported a split in favor of conviction has any coercive effect on the jurors in the minority position. See Commonwealth v. Abdul-Alim, 91 Mass. App. Ct. 165, 173 (2017). The defendant has made no showing that the instruction coerced a verdict in this case.
Judgment affirmed.

The victim was twenty years old at the time of the trial; the defendant was forty-one.

In a note to the judge, the jury reported, "The jury is currently unable to come to unanimous agreement regarding guilty or not guilty verdict in this case. The two sides are firm in their convictions, 4 finding defendant guilty & 2 not guilty. Neither side is willing to shift and change their decisions."

See Commonwealth v. Tuey, 8 Cush. 1, 2-3 (1851) ; Commonwealth v. Rodriquez, 364 Mass. 87, 101-102 (1973).

In assessing a claim of ineffective assistance, the absence of an affidavit of counsel, without an explanation, is a "negative factor." Lys, 91 Mass. App. Ct. at 722.

The defendant suggests that the Tuey-Rodriquez charge encouraged unanimity and reduced the chance of a hung jury. The Commonwealth suggests, not without some force, that the opposite is true. The giving of the Tuey-Rodriquez instruction would imply that the judge had found a first communication of a deadlock under G. L. c. 234, § 34. See Commonwealth v. Jenkins, 416 Mass. 736, 738 (1994). Thus, defense counsel may have wanted the judge to give the Tuey-Rodriquez charge to the jury before they continued their deliberations to ensure that the next report of a deadlock would prevent the jury from being sent back into deliberations without their consent.