After a jury-waived trial in the District Court, the defendant was convicted of making a false report of a crime to a police officer. Almost two years after his conviction was affirmed on appeal,[2] the defendant filed a motion for a new trial claiming that newly discovered evidence in the form of a percipient witness cast doubt on his conviction. The trial judge denied the motion after conducting an evidentiary hearing. The defendant now appeals from the denial of his motion for new trial. We affirm.
Background. The defendant's conviction was premised upon his report to a police officer that the manager of a Burger King restaurant in Burlington had grabbed his "right arm, twisting it behind his back attempting to get him out of the store." At trial, the manager testified that the defendant had warned her that, if she called the police, he would do the same and accuse her of assaulting him. She denied touching the defendant. The reporting police officer also testified that he spoke to the five or so other employees who were present and they confirmed the manager's account. The defendant did not testify at trial, but his report of the alleged assault to the police was put in evidence through the police officer and the recordings of his two 911 telephone calls.
The evidentiary hearing on the motion for new trial was held about six years after the incident. The newly discovered witness had been an employee working at Burger King at the time of the incident. As found by the judge, the witness testified that, on the night in question, she heard a verbal dispute between her manager and the defendant, with whom she was familiar. The witness then saw her manager step out from behind the counter and tell the defendant to leave. When he did not comply, the witness saw the manager "grab[ ] his arm" and try to "force[ ] him to leave" by pulling his arm and then throwing out his food. The defendant stood still. The witness testified that she could not see whether the manager twisted the defendant's arm or whether she twisted it behind his back. The witness continued to work at Burger King for one to two years after this incident and has continually lived in Burlington. She also testified that no one spoke to her about her observations until the attorney representing the defendant on his motion for new trial contacted her recently.
The motion judge again listened to the recordings of the 911 telephone calls, one made by the manager and two made by the defendant, including a call in which the defendant told the dispatcher that there were two witnesses to the incident. The judge concluded that the defendant had failed to show that the witness's testimony was not reasonably discoverable.
Discussion. We review the denial of a new trial motion for abuse of discretion or significant errors of law. Commonwealth v. Elangwe, 85 Mass. App. Ct. 189, 194 (2014). Where the trial judge and the motion judge are the same, as is the case here, "we give special deference to [the judge's] assessment of the trial record." Ibid. (quotation omitted). "A judge's subsidiary findings of fact will not be disturbed on appeal unless they are shown to be the result of a clear abuse of discretion or ... were clearly erroneous." Commonwealth v. Grant, 78 Mass. App. Ct. 450, 454 (2010) (quotation omitted).
A defendant seeking a new trial on the ground of newly discovered evidence must establish that the evidence was in fact newly discovered in the sense that it was unknown to the defendant or his attorney at the time of trial and that it was not reasonably discoverable. Commonwealth v. Grace, 397 Mass. 303, 305-306 (1986) ; Commonwealth v. Epps, 474 Mass. 743, 758 (2016) (defense counsel has professional obligation to investigate all potentially substantial defenses).
Here, the defendant had alerted the police to the presence of two other witnesses in a 911 telephone call; because there were no other customers in the restaurant besides the defendant, those witnesses were likely employees. That the witness was one of those employees was readily discoverable given that she was named in the police report, continued to be employed at the same restaurant for one to two years after the incident, and continued to live in the same town. In these circumstances, it is difficult to conclude that the witness was not reasonably discoverable.[3]
The defendant argues in the alternative that, if the witness's testimony was not newly discovered, then trial counsel's failure to discover the testimony by interviewing the witness constituted ineffective assistance of counsel. Although the defendant mentioned this point during the hearing on his motion for new trial, he did not raise it in his motion as a ground for obtaining a new trial. Upon hearing the ineffective assistance claim for the first time during final argument at the hearing, the Commonwealth indicated that it was only prepared to address the newly discovered evidence claim. The judge also appears to have limited her decision to the newly discovered evidence claim. Under the circumstances, we decline to address an issue that was neither properly raised below nor passed upon by the motion judge. See Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 537 n.8 (2012). See also Commonwealth v. Zinser, 446 Mass. 807, 809 n.2 (2006) ("[O]ccasions when a court can resolve an ineffective assistance claim on direct appeal are exceptional, and our case law strongly disfavors raising ineffective assistance claims on direct appeal").
Because we conclude that the judge acted well within her discretion in determining that the testimony proffered by the defendant did not constitute newly discovered evidence, we affirm.
Order denying motion for new trial affirmed.

Commonwealth v. Dahdah, 84 Mass. App. Ct. 1134 (2014).

In addition to concluding that the witness testimony did not constitute newly discovered evidence, the judge stated that, even if the testimony were to be considered newly discovered, the defendant could not prevail because the testimony did not create a substantial risk that a fact finder would reach a different conclusion. See Commonwealth v. Figueroa, 422 Mass. 72, 79 (1996) ; Commonwealth v. Fortuna, 80 Mass. App. Ct. 45, 53-54 (2011). Because we affirm on the ground that the witness's testimony was not newly discovered, we do not reach the issue of whether her testimony cast "real doubt on the justice of the conviction." Commonwealth v. Grace, 397 Mass. 303, 305 (1986).