The pro se defendant appeals from the denial of his motion for new trial, in which he seeks to withdraw guilty pleas he entered in 2007. He claims that at his plea hearing the judge did not advise him of the maximum and minimum sentences that could be imposed, and that defense counsel incorrectly advised him of the sentences he would receive and the parole consequences. Because there was no error in the denial of the new trial motion, we affirm.
1. Background. The defendant was charged in connection with two separate criminal events that occurred in 2005. In the first, the defendant was charged with shooting and seriously injuring a man while the man was sitting in his car on a public street in Springfield (the street shooting). In the second, the defendant and three coventurers were charged with forcibly invading a home in Holyoke, holding eight persons therein at gunpoint, threatening them, and robbing them (the home invasion/kidnapping).
On April 27, 2007, the defendant pleaded guilty to various charges relating to each of these events. The defendant was represented by counsel, and a transcript of the proceedings is in the appellate record. The pleas were made pursuant to a plea bargain and an agreed-upon sentencing recommendation. The record also contains a chart, which was discussed at the plea hearing, which details the various charges against the defendant, and which specifies the agreed-upon recommended sentence for each charge. During the plea colloquy the defendant told the judge that he had reviewed the chart, and that it reflected his understanding of the plea agreement. Defense counsel also confirmed he had explained the "potential penalties" for the charges to the defendant. After the colloquy, the judge made the necessary findings that the pleas were voluntarily, knowingly, and intelligently made, and then sentenced the defendant pursuant to the agreed-upon recommendation, as set forth in the chart.
In brief, on the home invasion/kidnapping charges the defendant received a sentence of fifteen to twenty years, with multiple lesser sentences to run concurrently, and also concurrently with a Federal sentence the defendant was then already serving. As to the street shooting charges, the defendant received a sentence of five to seven years, to run from and after the completion of his sentences on the home invasion/kidnapping charges. The net effect of these sentences was an overall sentence of twenty to twenty-seven years in prison.[2]
In August, 2015, the defendant filed a motion for new trial, seeking to withdraw his guilty pleas on the ground that they were not made voluntarily, knowingly, or intelligently. The defendant raised several arguments, but on appeal he presses only two: (1) that the plea judge violated Mass.R.Crim.P. 12(c)(3)(B), as appearing in 442 Mass. 1511 (2004), because the judge failed to advise the defendant of the maximum and minimum sentences for the charges against him, and (2) that the defendant "was not aware of the exact sentence he was facing and the court never apprised the defendant of such." A Superior Court judge-the same judge who originally sentenced the defendant-denied the defendant's motion and issued a memorandum decision containing his reasoning and an order denying his motion. The defendant appeals.
2. Discussion. The defendant claims that the motion judge abused his discretion in denying the defendant's motion for new trial. A motion to withdraw a guilty plea is treated as a motion for new trial, and we review a decision denying such a motion for "a significant error of law or other abuse of discretion." Commonwealth v. Williams, 89 Mass. App. Ct. 383, 388 (2016), quoting from Commonwealth v. Scott, 467 Mass. 336, 344 (2014). "The judge's disposition of the new trial motion will not be reversed unless it is manifestly unjust ...." Commonwealth v. Hung Tan Vo, 427 Mass. 464, 467 (1998). "A reviewing court extends special deference to the action of a motion judge who was also the trial judge." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
There was no abuse of discretion here. As to the defendant's first argument, the Commonwealth concedes that the plea judge did not advise the defendant of the applicable maximum and minimum sentences at the plea hearing, as required by rule 12.[3] This court has made clear, however, that noncompliance with rule 12 does not automatically render a guilty plea involuntary. Rather,
"[A]dherence to or departure from [ rule 12(c) ] is but one factor to be considered in resolving whether a plea was knowingly and voluntarily made .... Each case must be analyzed individually to determine whether compliance with rule 12 would have made a difference in the decision of the defendant to plead guilty."
Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 580 (2001) (quotation omitted).
In rejecting the defendant's argument, the motion judge noted that at the plea hearing the defendant's counsel stated that he had advised the defendant of the possible sentences; the judge also pointed out that the defendant had confirmed he had reviewed the chart. Even more important, however, was that the defendant's motion for new trial failed to show the necessary prejudice. The defendant was pleading to felonies that involved possible life sentences. As the judge noted, "the defendant does not argue that his decision to plead guilty would have been different if the court had recited the maximum and minimum sentences in open court."
We agree with the judge's reasoning. Even in this court, the defendant does not explain why he would have changed course and not pleaded guilty had he been advised of the applicable maximum and minimum sentences. Rather, the defendant focuses on other facts of which he allegedly was unaware. For example, in this court he claims that he was not advised of the likely parole consequences of his pleas, and that he did not understand the interplay between his State sentences, and the Federal sentences he was then serving. The defendant does not, however, claim any consequence from not being advised of his maximum or minimum sentences under rule 12. His argument based upon noncompliance with rule 12 was properly rejected. See Rodriguez, 52 Mass. App. Ct. at 579, 581.
The defendant also argues on appeal that his plea counsel "misadvised" him regarding the likely sentence he would receive and its parole consequences. This argument is essentially a claim of ineffective assistance of counsel, but no ineffective assistance claim was presented in the Superior Court. While the defendant did claim in his motion for new trial that he "was not aware of his exact sentence[s]," the defendant did not develop a factual record in the Superior Court from which an ineffective assistance argument could be evaluated. In this court, the defendant has attempted to present a new affidavit, which was not presented to the Superior Court, and which contains more detailed claims that he was not adequately advised by counsel.[4] However, we cannot evaluate facts presented for the first time on appeal, where those facts were not presented to the Superior Court in the new trial motion.[5] See Commonwealth v. Cortez, 438 Mass. 123, 131 (2002) (defendant's claim of ineffective assistance rejected where factfinding is required and the argument is based upon facts not presented in motion for new trial).
For the reasons above, to the extent that the defendant is making an ineffective assistance claim in this court, we reject it as unsupported by the record that is properly before us. See Commonwealth v. Zinser, 446 Mass. 807, 810-812 (2006), quoting from Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002) ("[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight").
Order denying motion for new trial affirmed.

Each criminal event gave rise to multiple charges. We have only identified the longest sentence arising from each event; as to each event there were lesser charges to which the defendant also pleaded guilty, and as to which the sentences ran concurrently.

At the time of defendant's 2007 pleas, Mass.R.Crim.P. 12(c)(3), as appearing in 442 Mass. 1511 (2004), stated, "The judge shall inform the defendant on the record, in open court: ... (B) where appropriate, of the maximum possible sentence on the charge, and ... of the mandatory minimum sentence, if any, on the charge ...."

The defendant moved to expand the record to include materials that were not before the Superior Court judge, including his new affidavit (docket entry # 9). The Commonwealth has opposed the motion (docket entry # 13) and moved to strike certain materials from the defendant's expanded record appendix, including his new affidavit that was not before the Superior Court judge. (Docket entry # 12.) As we have addressed the affidavit in the body of this decision, no further action is necessary on these motions.

The defendant seemed to argue below that he was unaware that his sentence on the street shooting charges would run from and after the home invasion sentence. The judge rejected that argument based upon several facts from the record of the sentencing, including the defendant's statement that he had reviewed the chart. There was no error.