The defendant, John K. Peick, appeals from his conviction of operating a motor vehicle under the influence of alcohol, G. L. c. 90, § 24(1)(a )(1), fourth offense. He alleges errors by the trial judge and prosecutor, insufficient evidence to convict him of the crime, and ineffective assistance of his trial counsel. For the reasons set forth below, we affirm.
Background. 1. The Commonwealth's case. The jury were warranted in finding the following facts. On the morning of June 19, 2014, Waltham police Lieutenant Anthony Vazquez was working a construction detail on Second Avenue in Waltham. At about 9:00 A.M. , Vazquez was retrieving his safety gear from his personal vehicle when he heard a "very loud noise." The source of the noise, he observed, was a vehicle driving past him with its two passenger-side tires destroyed.
Seeing the vehicle turn into an area he knew was a dead end, Vazquez got in his personal vehicle to follow. Roughly four minutes later, he found the vehicle parked in a parking space in an industrial area. The driver, later identified as the defendant, was still in the driver's seat. Prior to approaching the defendant, Vazquez radioed for backup requesting a marked cruiser be sent to that location. Vazquez then approached and asked the defendant if he knew he was driving with two flat tires; the defendant responded that he did not. Vazquez then detected the odor of alcohol. Asked if he had been drinking, the defendant answered, "No." Vazquez then asked if there was any alcohol in the vehicle, and the defendant stated that there was some alcohol in his briefcase. Vazquez returned to the topic of the damaged tires, asking the defendant if he knew what happened. The defendant again said that he did not know, and denied being in an accident. Vazquez asked the defendant to "step around the car and observe the tires." Before the defendant got out of the vehicle, Vazquez asked him to turn off the engine. According to Vazquez, the defendant's speech was "delayed or slightly slurred," "his gait was unsteady as he walked," and "[h]e used the car to brace himself." Vazquez located in the vehicle a bottle of vodka that was about three quarters empty.
Waltham police Officer Philip O'Dowd arrived on scene a short time later. He also inquired about the damaged tires, and the defendant again denied knowing what happened. O'Dowd then asked him if he had been drinking. The defendant stated, "Yes, I had some drinks out of the bottle of vodka in my briefcase, on the way to work." Because the defendant appeared intoxicated, O'Dowd asked him to undergo a series of field sobriety tests. The defendant was unable to perform any of the tests. O'Dowd then arrested him for driving under the influence.
2. The defense. The defendant testified in his own defense. He denied drinking any alcohol during his drive from his home in North Andover to Waltham. He testified that he was driving to work when his vehicle started pulling to the right and shaking. Struggling to control the vehicle, he continued driving to work because he knew of no other safe parking place. Once parked, he claimed that he shut of the engine and decided "[he] needed to drink, to relieve the feelings [he] was having from the ride [he] just experienced." According to the defendant, he then took a bottle of vodka out of his briefcase and drank about two-thirds of it within sixty to ninety seconds. He added that he could drink that fast because he belonged to a fraternity in college. He then testified that roughly ten minutes after having parked his vehicle, a police officer, Vazquez, approached his vehicle. He theorized that driving over "construction rubble" caused the damage to his tires.
Discussion. 1. Vazquez's testimony. The defendant alleges misconduct on the prosecutor's behalf due to her use of "9:07 [ A.M. ]" in questioning Vazquez as to the time when he saw the defendant's vehicle drive by. Specifically, the defendant argues that the prosecutor deliberately provided a false timeline by asking Vazquez, "At about 9:07, do you remember anything occurring?" Vazquez answered that he was in the process of retrieving safety gear from his vehicle when he heard the defendant drive by. Relying on police reports not entered in evidence-which state that O'Dowd was dispatched to the scene at 9:07 A.M. -the defendant argues that this was misleading because it shortened the timeframe between Vazquez's first observation of the defendant's vehicle and when he found the defendant in the parking lot. This permitted a prejudicial inference that the defendant would not have had time to drink the better part of the bottle of vodka after he arrived in the parking lot and before Vazquez found him. Since trial counsel did not object to this evidence, we review the defendant's claim for a substantial risk of a miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967).
Here, the prosecutor's question was proper. From the record, it is apparent that the prosecutor's goal from this line of questioning was to establish that a very short period of time elapsed between Vazquez's initial observation of the defendant and when Vazquez approached him in the parking lot. After Vazquez described his actions between observing the defendant and approaching him in the parking lot, the prosecutor then asked how much time had elapsed between seeing the defendant's vehicle and finding it in the parking lot. Vazquez answered that he was not sure exactly, but "it was less than four minutes." He did not give a specific time for when he located the defendant. Thus, the exact moment when Vazquez first observed the defendant is immaterial because the pertinent part of Vazquez's testimony was that he found the defendant "less than four minutes" after observing him. To the extent that the Commonwealth and the defendant presented differing timelines, it was for the jury to decide which to credit. See Commonwealth v. Platt, 440 Mass. 396, 404 (2003). There was no error in this line of questioning.
2. Prosecutor's closing argument. The defendant next argues that during her closing argument the prosecutor argued facts not in evidence. Specifically, the defendant alleges that the prosecutor erred by suggesting that the defendant "hit a curb" or "crashed into something," causing the damage to both passenger-side tires. He also argues that the judge erred in not giving a specific curative instruction regarding those statements. As the defendant objected to the prosecutor's statements, we review for prejudicial error. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994) (explaining prejudicial error).
A closing argument must be based on the evidence and the fair inferences drawn from it. Commonwealth v. Pettie, 363 Mass. 836, 840 (1973). See generally Mass. G. Evid. § 1113(b)(2) (2018). Remarks made during closing argument should be considered within the context of the entire argument, the evidence presented during the trial, and the judge's instructions to the jury. See Commonwealth v. North, 52 Mass. App. Ct. 603, 610-611 (2001).
Here, the prosecutor's argument was properly based on the evidence adduced at trial that showed both passenger-side tires of the defendant's vehicle were shredded down to the metal wheels. At the scene, the defendant three times denied to officers knowing how his tires got that way. This conflicted with the defendant's testimony at trial, where he opined that he might have run over some construction rubble on his drive to work and that he knew something was wrong with his car, but chose to keep driving until he found a safe place to stop. The undisputed physical evidence-two shredded tires-permitted the inference that the defendant hit something while driving. A prosecutor may "argue[ ] reasonable inferences drawn from the facts." Commonwealth v. Howard, 479 Mass. 52, 64 n.9 (2018). The prosecutor was also allowed to point out that it was unlikely construction rubble could have caused that amount of damage to the tires. See Commonwealth v. Jefferson, 461 Mass. 821, 836 (2012) (not improper for prosecutor to argue that firearm thrown from speeding vehicle onto paved walkway might be damaged, as argument was grounded in "common sense, not expertise"). In addition, the prosecutor was entitled to respond to defense counsel's closing argument, in which he argued that there was "no evidence that the car hit anything." See Commonwealth v. LeFave, 407 Mass. 927, 939 (1990) (arguments by defense counsel "may justify a particular rebuttal from the prosecutor") (quotation omitted); Commonwealth v. Brewer, 472 Mass. 307, 315 (2015) (prosecutor entitled to respond to arguments made by defendant).[2]
The defendant also argues that the trial judge erred in not giving a specific curative jury instruction regarding the prosecutor's arguments. The judge, after defense counsel objected to the prosecutor's closing, assured counsel that he would give a curative instruction, which he then did.[3] After defense counsel asked the judge to note his objection, the judge asked what else defense counsel would like him to do. Defense counsel requested an instruction that the jury should not speculate, which the judge also gave. Defense counsel did not request any further instructions. There was no error. The judge's instructions clearly set out that closing arguments are not evidence, that the jury were not to speculate and were to weigh only the evidence admitted at trial, and that the jury had to find that the Commonwealth had proved each element of the offense beyond a reasonable doubt. "[Jurors] are presumed to follow the judge's instructions." Commonwealth v. Maynard, 436 Mass. 558, 570-571 (2002).
3. Sufficiency of the evidence. The defendant also argues that the Commonwealth did not present sufficient evidence to support the jury's guilty verdict. In reviewing sufficiency claims, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979).
To establish guilt under G. L. c. 90, § 24(1)(a )(1), the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way,[4] (3) while under the influence of intoxicating liquor. Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016). Here, there was sufficient evidence presented for the jury to conclude, beyond a reasonable doubt, that the defendant operated his vehicle while under the influence of alcohol. Specifically, the three police witnesses provided the following testimony: (1) the defendant had an odor of alcohol emanating from him, (2) the defendant's lack of knowledge that he had been driving on two shredded tires, (3) the defendant's denial of-and subsequent admission to-drinking alcohol "on the way to work," (4) the vodka bottle found about three-quarters empty, (5) the defendant's glassy eyes, dazed demeanor, and inability to walk without supporting himself on his vehicle, and (6) the defendant's inability to perform any of the three field sobriety tests. Taken together, this evidence was sufficient to prove a violation of G. L. c. 90, § 24(1)(a )(1). See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) (detailing classic indicia of alcohol intoxication).
Furthermore, the defendant's claim that the evidence presented was insufficient to support the jury's verdict is largely based on the assumption that the jury should have credited his version of events and discredited that of the police officers. The jury were well within their bounds to do the opposite. "In considering whether the jury could find the existence of each element of the crime charged, we do not weigh the supporting evidence against conflicting evidence." Commonwealth v. Merry, 453 Mass. 653, 660 (2009). Jurors are entitled to believe or discount any or all of the evidence they hear, and can credit or discredit any witness's testimony. See id. at 661.
4. Ineffective assistance. Finally, the defendant argues that his trial counsel provided him with ineffective assistance. Specifically, the defendant states that counsel (1) failed to object to the prosecutor's use of the "9:07" A.M. timeline or impeach Vazquez on that subject; (2) failed to object to the lack of a specific curative instruction concerning the prosecutor's closing argument, or otherwise attempt to correct the prosecutor's alleged misconduct; and (3) failed to argue in closing that there was no evidence that the defendant was impaired while driving.
We first note that the defendant's claim of ineffective assistance is before us as part of his direct appeal. An ineffective assistance claim asserted in this manner-"made on the trial record alone"-is in its "weakest form" because "it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight."[5] Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). Only in an "exceptional" case will this court review an ineffective assistance claim on direct appeal, and that "narrow" exception occurs only where "the factual basis of the [ineffective assistance] claim appears indisputably on the trial record." Commonwealth v. Zinser, 446 Mass. 807, 810-811 (2006) (quotations omitted). Here, based on the record before us, we conclude that there was nothing manifestly unreasonable about counsel's performance during the course of the trial.
Judgment affirmed.

Likewise, the prosecutor did not commit error in arguing that the defendant drove unsafely. This too was a proper response to defense counsel's argument that there was no evidence the defendant drove improperly. Furthermore, the prosecutor correctly noted that the Commonwealth did not need to prove the defendant drove unsafely; it only needed to prove that he drove under the influence of alcohol, which is what the prosecutor argued.

The judge instructed the jury, "[T]he closing arguments are not a place you can find new evidence; they're just merely to consider the contentions of the parties on how you ought to consider the evidence that you did hear."

At trial, the defendant stipulated to this element.

The preferred vehicle for ineffective assistance claims is a motion for a new trial, "where an appropriate factual record can be developed." Commonwealth v. Diaz, 448 Mass. 286, 289 (2007).