NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-238

COMMONWEALTH

vs.

OBDULIO ACEVEDO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Obdulio Acevedo, was convicted after a jury trial on three indictments charging rape of a child and one indictment charging indecent assault and battery on a child. On appeal, the defendant alleges ineffective assistance of counsel and five separate claims of trial error.[1] Largely for the reasons stated in the Commonwealth's brief, we affirm.

1. _Ineffective assistance of counsel_. The defendant argues that his trial counsel failed to investigate unspecified claims that could have established his innocence, amounting to ineffective assistance of counsel.

---

[1] The defendant's appellate counsel raised the ineffective assistance claim in a brief with a Moffett preface, and the defendant, representing himself, filed a separate brief containing the claims of trial error. See Commonwealth v. Moffett, 383 Mass. 201, 208-209 (1981).

The defendant makes this claim for the first time on appeal.  "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial."  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006).  An ineffective assistance of counsel claim "made on the trial record alone is the weakest form of such a challenge."  Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).  "For such a claim to be successful, counsel's inadequate performance must 'appear[] indisputably on the trial record.'"  Commonwealth v. Morales, 461 Mass. 765, 785 (2012), quoting Zinser, supra at 811.

Here the defendant fails to provide any factual basis for his ineffective assistance claim, merely asserting that trial counsel failed to investigate some unspecified claims.  As the defendant did not "follow[] the recommended course of making a motion for a new trial accompanied by affidavits, . . . [he] has failed to present us with a record that permits us intelligently to measure defense counsel's performance under the standard of Commonwealth v. Saferian, 366 Mass. 89 (1974), and its progeny."  Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 107 (1999).  See also Commonwealth v. Moffett, 383 Mass. 201, 215 (1981) (rejecting ineffective assistance of counsel claim where defendant failed to specify how trial counsel's omissions led to prejudice).

2

2. _Indictment_.  The defendant contends that the indictment for indecent assault and battery was prejudicially described to the jury as "beating this girl."  To the contrary, the indictment was read verbatim to the jury, in language consistent with that set forth in G. L. c. 277, § 79.  Moreover, the judge immediately instructed the jury that indictments are not evidence and that the jury "must not draw any inference from the indictments or from the fact that the defendant has been formally charged."  There was no error.

3. _Judge's response to jury deadlock_.  The defendant argues that the judge erred in how she responded to the jury after they reported being deadlocked.

The trial judge properly instructed the jury to continue deliberations when they first asked, after only an hour of deliberations, about the consequences of not being able to reach a unanimous verdict.  See _Commonwealth_ v. _Torres_, 453 Mass. 722, 736 (2009); Mass. R. Crim. P. 27 (d), 378 Mass. 897 (1979).  When the jury reported again that they were at an impasse, the judge properly conferred with counsel prior to issuing the _Tuey-Rodriquez_ instruction, and found that there had been "due and thorough deliberations," as required by G. L. c. 234A, § 68C.  See _Commonwealth_ v. _Witkowski_, 487 Mass. 675, 688-689 (2021).  At this juncture, the judge properly gave the _Tuey-Rodriquez_ instruction, which is the model instruction for this situation.

3

See Ray v. Commonwealth, 463 Mass. 1, 5-6 (2012).  Although the instruction does not specifically explain that a so-called "hung jury" or a mistrial is an option, it is carefully crafted to avoid coercing the jury to reach a verdict.  See Commonwealth v. Rodriquez, 364 Mass. 87, 98-100 (1973); Commonwealth v. O'Brien, 65 Mass. App. Ct. 291, 295 (2005); Commonwealth v. Martins, 38 Mass. App. Ct. 636, 641 (1995).  Trial judges are urged not to stray from its language.  Witkowski, supra at 689; O'Brien, supra.  The judge handled the issue appropriately.

4.  Sentencing record.  The defendant claims that the record is incomplete, arguing that he and his wife both remember the judge making an improper statement during sentencing.  As this assertion is not supported by the record or any corroborating evidence, we reject it.  See Commonwealth v. Denehy, 466 Mass. 723, 727 (2014), quoting Zabin v. Picciotto, 73 Mass. App. Ct. 141, 173 (2008) ("[a] party's self-serving and uncorroborated assertions of what transpired at trial cannot serve as grounds to contend that the official record of the proceedings, prepared by a neutral court official, was falsified").

5.  Bill of particulars.  The defendant argues that the bill of particulars was improperly amended twice, frustrating his defense.  This is the only claim in the defendant's brief that was properly raised at trial.  We therefore review to

4

determine whether the variance, if any, between the bill of particulars and the evidence at trial prejudiced the defendant. See Commonwealth v. Crawford, 429 Mass. 60, 69 (1999). "A request for a bill of particulars does not entitle a defendant to secure a résumé of the [Commonwealth's] evidence . . . or to require specific evidence as to facts that do not relate to an element of the crime charged" (quotation and citation omitted). Commonwealth v. Pillai, 445 Mass. 175, 188 (2005). "Accordingly, the standard for showing prejudice from a variance between the bill of particulars and trial testimony is high." Id. "[R]elief is warranted only on a showing that the bill of particulars failed to provide the defendant with 'notice to prepare his defense.'" Id., quoting Commonwealth v. Amirault, 404 Mass. 221, 234 (1989).

The four indictments stemmed from a course of sexual abuse of the victim lasting approximately ten years. The Commonwealth filed its first bill of particulars approximately two weeks prior to the trial. On the second day of trial, the defendant filed a motion seeking to exclude specific acts omitted from the first bill of particulars, namely, allegations of digital vaginal and anal penetration, as the basis for any of the rape counts. The judge heard arguments from both parties and allowed the Commonwealth to amend the bill of particulars. In allowing amendment, the judge emphasized the importance of ensuring that

5

the accusations against the defendant were clear, but also stated that the agreed-upon indictments from the pretrial conference report sufficiently put the defendant on notice that these allegations would be part of the Commonwealth's case.

The Commonwealth amended the bill of particulars the next day to add only the act of digital vaginal penetration. The prosecutor informed the judge that the omission of digital anal penetration was deliberate, as he was unsure if both types of digital penetration could be properly added and wanted to err on the side of caution. Following the judge's confirmation of proper procedure, the Commonwealth amended the bill for the final time to include both types of digital penetration.

The defendant objected to the amendments, arguing that the Commonwealth failed to provide notice of the defendant "ever touching [the victim's] buttocks." When the judge pointed out that this allegation would not be going to the jury, however, the defendant failed to raise any additional specific concerns.[2] Furthermore, the judge pointed out that the defendant had effectively cross-examined the victim about inconsistencies in her description of these acts, belying the defendant's claim that he lacked notice of which acts would be submitted as

---

[2] Indeed, the jury found the defendant guilty of rape by placing his penis inside the victim's mouth, placing his penis inside the victim's vagina, and placing his tongue inside the victim's vagina.

6

evidence.  See Rogan v. Commonwealth, 415 Mass. 376, 378 (1993) ("The purpose . . . of specifications in a bill of particulars . . . is to give a defendant reasonable knowledge of the nature and character of the crime charged" [citation omitted]).  We agree with the judge that the defendant had proper notice of the charged conduct, and to the extent there was a variance between the bill of particulars and the evidence at trial, we discern no prejudice.

6.  First complaint witness.  The defendant's final argument is that the Commonwealth's decision not to call the first complaint witness hurt his defense.  This claim lacks merit.  The Commonwealth is not required to call a first complaint witness.  See Commonwealth v. King, 445 Mass. 217, 243 (2005) (first complaint witness "may testify to the details of the alleged victim's first complaint of sexual assault" [emphasis added]).  The defendant had the option to call the witness himself, but chose not to do so for strategic reasons.

Judgments affirmed.

By the Court (Blake, Massing, & Hand, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  November 10, 2023.

---

[3] The panelists are listed in order of seniority.

7